# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-01043-SCT

*JENNIFER RENFROE GUTHRIE*

*v.*

*TIMOTHY RENFROE AND MATTIE AND FRED RENFROE*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/13/96 |
| TRIAL JUDGE: | HON. THOMAS L. ZEBERT |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CHANCERY |
| ATTORNEY FOR APPELLANT: | JOHN R. REEVES |
| ATTORNEY FOR APPELLEES: | JOHN M. MOONEY, JR. |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| DISPOSITION: | DISMISSED ON THE COURT'S OWN MOTION - 12/18/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## 96-CA-01166-SCT

*TIMOTHY RENFROE AND MATTIE AND FRED RENFROE v. JENNIFER RENFROE GUTHRIE*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/23/96 |
| TRIAL JUDGE: | HON. THOMAS L. ZEBERT |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CHANCERY |
| ATTORNEY FOR APPELLANTS: | JOHN M. MOONEY, JR. |
| ATTORNEY FOR APPELLEE: | JOHN R. REEVES |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | DISMISSED ON THE COURT'S OWN MOTION - 12/18/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/12/98 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. Jennifer Guthrie is appealing from an order of the Rankin County Chancery Court denying her Petition for Modification of an Agreed Order of March 1, 1995. In her petition for modification, Guthrie sought custody of her child, Tim. His father, Timothy Renfroe, was awarded custody at the time of the divorce. However, Mattie and Fred Renfroe, Tim's paternal grandparents, have physical custody pursuant to the before mentioned Agreed Order of March 1, 1995. Guthrie's petition was denied because the Chancellor found that, although Guthrie had shown a material change in her circumstances, she had not shown that it would be in Tim's best interest for custody to be changed. Guthrie appeals that finding in Cause No. 96-CA- 01043.

¶2. Guthrie was granted leave by the Chancellor to file an out-of-time appeal in Cause No. 96-CA-01043. The Renfroes are appealing the out-of-time appeal decision in Cause No. 96-CA-01166, wherein they seek dismissal of the appeal in Cause No. 96-CA-01043.

¶3. These two cases have been consolidated for purposes of appeal.

## STATEMENT OF THE FACTS

¶4. Jennifer Guthrie ("Guthrie") and Timothy Renfroe ("Renfroe") were divorced on October 19, 1992. Prior to the Final Judgment of Divorce for Irreconcilable Differences, Guthrie and Renfroe entered into a Child Custody, Child Support, and Property Settlement Agreement on October 8, 1992, whereby it was agreed that Renfroe would maintain custody of Tim. This agreement was made a part of the Final Judgment of Divorce by the court.

¶5. On March 1, 1995, Guthrie and Renfroe entered into an Agreed Order for Support and Child Custody, whereby the divorce judgment was modified and physical custody of Tim was placed in his paternal grandparents, the Renfroes.

¶6. On January 23, 1996, Guthrie filed a Petition for Modification of Agreed Order for Support and Child Custody seeking a change in custody of Tim from his grandparents to her. The court, on March 26, 1996, ordered an evaluation of all the parties involved. Paul A. Davey, M.S., L.P.C., was appointed by the court to evaluate the parties in order to determine the relationship with each of the parties to the minor child and any detrimental effects of any such relationship, as well as the potential for any detrimental effect to the child of any change in custody. The court also appointed Liz Taylor, a court-appointed special advocate from the Rankin County Division of the Children's Advocacy Center, to assist in the gathering and reporting of information regarding the best interest of the child.

¶7. A hearing was held on July 11, 1996. The chancellor held in his order of August 13, 1996, that a

change of custody was not in the best interest and welfare of Tim, and that he should remain in the custody of the Renfroes, his grandparents. He did find that Guthrie had shown a material change in circumstances on behalf of herself, but that change did not warrant a change in custody.

¶8. Forty-one days after the entry of the Chancellor's order, Guthrie filed a Motion for Leave to Appeal Out of Time on September 23, 1996. The court granted the motion, and Guthrie appeals the August 13, 1996, order of the Chancellor denying a change in custody in Cause No. 96-CA-01043. The Renfroes appeal the Chancellor's ruling allowing the out- of-time appeal in Cause No. 96-CA-01166.

## STATEMENT OF THE ISSUES

¶9. Guthrie's out-of-time appeal is Cause No. 96-CA-01043, wherein she appeals the Chancellor's denial of a custody change. The Renfroes appeal the decision of the Chancellor to allow Guthrie to file an out-of- time appeal in Cause No. 96-CA-01166. They assert that:

> **The Chancellor abused his discretion in granting Guthrie's motion for leave to appeal out of time because Guthrie failed to comply with the provisions of Rule 4 of the Mississippi Rules of Appellate Procedure.**

## DISCUSSION OF LAW

¶10. The Renfroes argue, in Cause No. 96-CA-01166, that Guthrie did not comply with Rule 4 of the Mississippi Rules of Appellate Procedure in petitioning the court to allow her to file an out-of-time appeal in Cause No. 96-CA-01043. They argue that Guthrie did not provide them with notice of the motion, and therefore they were not given an opportunity to respond. Additionally, the Renfroes argue that Guthrie did not provide any evidence of excusable neglect to the court as required by the rule. Therefore, they assert that the Chancellor erred in granting the motion. The Renfroes request that this Court reverse and render the decision of the chancery court, and dismiss Guthrie's appeal in Cause No. 96-CA-01043, wherein Guthrie seeks review of the Chancellor's denial of a change in custody.

¶11. The Renfroes have brought the appeal in Cause No. 96-CA-01166 from an unappealable order of the trial court. Instead of filing an appeal, the proper course would have been to file a Motion to Dismiss Guthrie's appeal in Cause No. 96-CA-01043. Therefore, the appeal in Cause No. 96-CA-01166 is not properly before this Court and will be dismissed on the Court's own motion. However, the argument raised in Cause No. 96-CA-01166 does have merit, and Guthrie's appeal in Cause No. 96-CA-01043 will also be dismissed on the Court's own motion.

¶12. Rules 4(a) and 4(g) of the Mississippi Rules of Appellate Procedure read, in pertinent part as follows:

> **(a) Appeal and Cross-Appeals in Civil and Criminal Cases.** In a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from . . .
>
> . . . .

**(g) Extensions.** The trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule. Any such motion which is filed before expiration of the prescribed time may be granted for good cause shown and may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to other parties, and the motion shall be granted only upon a showing of excusable neglect . . .

Miss.R.App.P. 4(a), 4(g).

¶13. Guthrie filed her motion for leave to file an out-of-time appeal after the expiration of the prescribed thirty-day period for appeal. Therefore, under the rule, she was required to give notice to the Renfroes of the motion. She did not.

¶14. Additionally, the rule dictates that only upon a showing of excusable neglect shall the motion be granted. Guthrie showed no excusable neglect in her motion to the court. The entire motion was as follows: "Plaintiff moves the Court to grant her leave to appeal the order of the court entered on August 13, 1996, notwithstanding that more than thirty days from that date have elapsed."

¶15. Guthrie argues that if this Court finds error, it should hold the error to be harmless. She contends that it would be inconsistent with substantial justice to bar the rights of a mother and to ignore the best interests of a child in favor of a purely procedural rule. She cites to Rule 61 of the Mississippi Rules of Civil Procedure which states:

### RULE 61. HARMLESS ERROR

No error in either the admission or exclusion of evidence and no error in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Miss.R.Civ.P. 61.

¶16. Guthrie also argues that if the Court chooses not to address harmless error, that the Court should exercise its discretion and ignore the rule in this case. She cites several cases, all of which, recognize that "there are exceptional cases in which the rule should not be strictly applied." *Landrum v. Bailey,* 475 So. 2d 140, 141 (Miss. 1985); *Clark v. City of Pascagoula,* 473 So. 2d 477, 478 (Miss. 1985); *South Central Bell v. Aden,* 474 So. 2d 584, 594 (Miss. 1985).

¶17. This Court, as well as the federal courts, has held that the showing of "excusable neglect" cannot be found in every set of circumstances. In *Matter of Estate of Ware v. Capers,* 573 So. 2d 773 (Miss. 1990), this Court discussed Rule 4(g) at length and mentioned several situations that do not amount to excusable neglect. Among those instances were: (1) counsel's failure to learn of entry of the judgment; (2) counsel's failure to read published rules of court; (3) counsel's reliance on mistaken legal advice from trial court clerk; and (4) counsel's busy trial schedule. *Matter of Estate of Ware,*

573 So. 2d at 775.

¶18. In *Tandy Electronics, Inc. v. Fletcher,* 554 So. 2d 308 (Miss. 1989), we refused to provide relief to Tandy after it filed an appeal one day past the thirty-day time limit. In that case, the Court declared that the thirty-day rule would be strictly enforced. *Tandy Electronics, Inc. ,* 554 So. 2d at 310.

¶19. We find that the Chancellor's discretion was limited as to whether he could grant Guthrie's motion for leave or not. Under Rule 4(g), he only had authority to grant the motion upon a showing of excusable neglect. Guthrie made no such showing to the trial court, and in fact gave no reason at all for the delay in filing the notice of appeal. Additionally, no record establishing excusable neglect has been preserved for review by this Court. Furthermore, Guthrie provided no notice of her motion to the Renfroes as she was required to do by the rule. Therefore, this Court finds that the chancellor abused his discretion in granting Guthrie's motion for leave to appeal out of time. The Renfroe's appeal in Cause No. 96-CA-01166 is dismissed on the Court's own motion because this Court lacks jurisdiction. Guthrie's appeal in 96-CA-01043 is also dismissed on the Court's own motion because the Chancellor erred in granting Guthrie leave to file her appeal out of time.

¶20. **DISMISSED ON THE COURT'S OWN MOTION.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**