# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CT-02699-SCT

*MARILYN BUSBY*

*v.*

*PATRICIA ANDERSON, EXECUTRIX OF THE*
*ESTATE OF WILLIAM BURNLEY, DECEASED*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 04/18/2000 |
| TRIAL JUDGE: | HON. MARGARET CAREY-MCCRAY |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD L. KIMMEL |
| | CHARLES CAMERON AUERSWALD |
| ATTORNEYS FOR APPELLEE: | ROY A. SMITH, JR. |
| | TARA STRICKLAND CLIFFORD |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THIS APPEAL IS DISMISSED - 04/03/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Marilyn Busby (Marilyn) sued William Burnley (William) in the Washington County Circuit Court, alleging that William's negligence caused an accident resulting in injuries and damages to Marilyn. A jury trial resulted in a verdict in favor of William. Marilyn appealed to this Court, and we assigned the case to the Court of Appeals, which reversed and remanded for a new trial. William is now deceased, but his estate (the Estate) seeks review

by this Court. Because we find that the notice of appeal was not timely filed, the Court of Appeals lacked jurisdiction; therefore we reverse the Court of Appeals and dismiss this appeal, reinstating the final judgment of the Washington County Circuit Court.

## FACTS AND PROCEDURAL HISTORY

¶2. Marilyn sued William in the Washington County Circuit Court incident to a single vehicle car accident. Marilyn was a passenger in William's car when it left the road and crashed into a ditch on January 18, 1993. Marilyn claimed William drove his car in a negligent manner and caused her to suffer injuries. William denied that he was negligent. The dispute went to trial on March 30-31, 2000, with the jury returning a verdict for William.

¶3. On April 27, 2000, Marilyn filed a post-judgment motion, by which she sought to: (a) renew her request for peremptory instruction/judgment as a matter of law; (b) set aside the jury verdict and vacate judgment; (c) for judgment notwithstanding the verdict (JNOV), or alternatively; (d) a new trial; or (e) to alter or amend the judgment for additur. William responded to the post-judgment motion on May 23, 2000, and a hearing was held on August 24, 2000. The trial court did not rule on the motion until August 13, 2003, almost three years after the hearing, when it overruled Marilyn's motion. The trial court's order was not filed until August 21, 2003.

¶4. On September 15, 2003, Marilyn filed a motion for an extension of time to file a notice of appeal. The motion alleged that Marilyn did not have knowledge of the trial court's ruling until September 8, 2003. No hearing was held on the motion nor did an order denying or granting the motion appear in the record until after the time for filing had expired. Marilyn filed her notice of appeal on October 20, 2003.

2

¶5.     The case was assigned to the Court of Appeals, where the Estate contested the jurisdiction of the Court arguing that Marilyn's appeal was untimely. Acknowledging that Marilyn's appeal fell outside the thirty-day window, the Court of Appeals identified in the record Marilyn's unresolved motion for an extension of time. The Court of Appeals then notified the circuit court of the unresolved motion and gave the circuit court an opportunity to either grant or deny the motion. The circuit court granted Marilyn's motion, and the Court of Appeals then asserted its jurisdiction and considered the merits of the appeal, ultimately reversing the trial court and remanding the case for a new trial. The Estate now seeks review by this Court.

**LEGAL ANALYSIS**

¶6.     This Court need address only one issue. Timely filing of a notice of appeal is jurisdictional. ***Miss. Dep't of Mental Health v. Hall***, 936 So. 2d 917, 929 (Miss. 2006). Jurisdiction is a question of law which this Court reviews de novo. ***RAS Family Partners, LP v. Onman Biloxi, LLC***, 968 So. 2d 926 (Miss. 2007).[1]

¶7.     Mississippi Rule of Appellate Procedure 4(a) requires the notice of appeal to be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order being appealed. M.R.A.P. 4(a). Rule 4(g) allows the trial court to extend the time for filing a notice of appeal upon a timely motion, where good cause is shown. M.R.A.P. 4(g).

---

[1] The dissent's focus on the trial court's ruling is misplaced. The majority correctly considers whether the Mississippi Court of Appeals acted within its jurisdiction when it requested that the trial court rule on Busby's expired motion for an extension of time.

The trial court may grant a party an additional thirty days in which to file his or her notice of appeal. M.R.A.P. 4(g) and cmt. (2007).

¶8. Marilyn's motion for an extension of time to file a notice of appeal was timely filed, within thirty days of the date of entry of the judgment. Marilyn's motion argued that an extension was warranted because of the delay in her learning of the adverse judgment. The comment to Rule 4 states, "Mere failure to learn of entry of the judgment is generally not a ground for showing excusable neglect. Counsel in a case taken under advisement has a duty to check the docket regularly." M.R.A.P. 4 cmt.[2]

¶9. Marilyn's notice of appeal was filed on the sixtieth day and could have been timely under the rules had the trial court granted her motion and granted the maximum amount of additional time allowed. However, the circuit court did not rule on Marilyn's motion until prompted by the Court of Appeals.

¶10. This Court has suspended Rule 4 on rare occasions where warranted. However, the facts of the present case do not warrant such action. This case has been pending in the Mississippi judicial system for more than thirteen years, since Marilyn filed her complaint on June 3, 1994. In 2000, a jury returned a verdict for William. Upon the circuit court's entry of judgment, denying Marilyn's post-judgment motions, Marilyn had thirty days in which to file a notice of appeal. Marilyn stated that she received notice of the adverse

---

[2] The dissent points out the obvious, that the "for good cause shown" standard is something less than the "excusable neglect" standard. However, whether or not Busby's actions would have met the lower standard had the trial court ruled on her motion before its expiration is not the question before this Court. The majority maintains that the circumstances of this case fall below what is necessary to suspend Rule 4 and that, therefore, the Mississippi Court of Appeals' actions were not warranted.

judgment on September 8. At that time Marilyn had thirteen days in which to file a notice of appeal, yet she failed to do so. While Marilyn timely filed a motion for an extension of time to file a notice of appeal, the circuit court neither granted nor denied this motion, until prompted by the Court of Appeals.

¶11. Marilyn had a duty to diligently pursue her claim, yet she failed to seek a writ of mandamus as provided by Rule 15, following the circuit court's delay in ruling on her post-judgment motions. Next, Marilyn failed to file her notice of appeal within the thirty-day period prescribed by Rule 4(a). Finally, Marilyn failed to timely follow up on her motion for an extension of time to file a notice of appeal. The present litigation has been pending in the Mississippi judicial system for more than thirteen years. During that time, the Defendant, William, has passed away, leaving his Estate to defend in his stead. These facts do not warrant suspension of Rule 4(a).

## CONCLUSION

¶12. Marilyn failed to timely file her direct appeal; therefore the Court of Appeals did not have jurisdiction to rule on the merits of the case. We therefore reverse the Court of Appeals and dismiss the present appeal for want of jurisdiction.

¶13. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THIS APPEAL IS DISMISSED.**

**WALLER, P.J., CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. DIAZ, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, J., AND JOINED IN PART BY EASLEY, J.**

**DIAZ, PRESIDING JUSTICE, DISSENTING:**

5

¶14.    The Court of Appeals did not exceed its appellate jurisdiction in requesting the trial court to rule on Busby's motion for extension of time.  Further, because the trial court did not abuse its discretion in retroactively granting Busby's motion for extension of time to file a notice of appeal, the Court of Appeals did not lack jurisdiction to consider the merits of Busby's case.  Therefore, this Court has jurisdiction to decide this case on its merits.

¶15.    The majority concludes that this Court can only exercise jurisdiction over Busby's appeal if Mississippi Rule of Appellate Procedure 4 is suspended.  The logic behind this conclusion appears to be as follows: that the Court of Appeals' request that the trial court rule on Busby's motion for extension of time to file a notice of appeal was improper;  that because the request was improper, the trial court's order retroactively granting Busby's motion for extension of time is null and void; and that because Busby was not granted a valid extension of time, her notice of appeal was not timely filed.  The puzzling part about the majority's holding is that no explanation is given as to why the Court of Appeals' request that the trial court rule on Busby's motion for extension of time was improper; instead, the majority summarily asserts (in a footnote) that the "Court of Appeals' actions were not warranted."  It appears that the majority finds that the Court of Appeals' actions were not warranted based on the fact that Busby's notice of appeal (at the point in time when the case was assigned to the Court of Appeals by this Court) was not timely filed.  In other words, the Court of Appeals' jurisdiction over Busby's appeal was limited to a determination of whether

6

the suspension of Rule 4 was proper, and it exceeded its limited jurisdiction by asking the trial court to rule on the motion for extension of time.[3]

¶16.    Although the Court of Appeals' order to the trial court to rule on Busby's motion for extension of time was certainly questionable, I cannot conclude that the court overstepped the bounds of its jurisdiction by making this request.  It goes without saying that a court always has jurisdiction to determine whether it has jurisdiction; otherwise, we would not be considering today's case.  By asking the trial court to retroactively rule on Busby's motion for extension of time, the Court of Appeals was merely determining whether it could exercise jurisdiction over Busby's appeal; and, in my judgment, this request was a proper exercise of the court's discretion to determine if it had jurisdiction.  Moreover, now that we know that the trial court would have granted Busby's motion for extension of time, and therefore that her notice of appeal would have been timely filed,[4] there is no justification for unringing the

_____

[3]The majority concedes that the Court of Appeals did not lack complete jurisdiction over Busby's appeal: "The majority correctly considers whether the Mississippi Court of Appeals acted within its jurisdiction when it requested that the trial court rule on Busby's expired motion for an extension of time."

[4]The trial court's granting of Busby's motion for an extension of time cannot be objected to on the ground that it was granted after the time for filing an appeal had run.  A trial court can retroactively grant a motion for extension of time to file a notice of appeal, even after the time for filing the notice of appeal has expired.  *See Harlow v. Grandma's House, Inc.*, 730 So. 2d 73, 75-76 (Miss. 1998).  In *Harlow*, this Court reviewed a trial court's order that granted *nunc pro tunc* a party's motion for extension of time to file a notice of appeal.  *Id.* at 74-76.  We presumed the trial court's order retroactively granting the motion to be permissible; and we would have upheld the order and considered the merits of the appeal if the appellant had shown that her failure to file a timely notice of appeal was the result of excusable neglect.  *See id.* at 75-76.  Other courts have reviewed and upheld orders entered by trial courts retroactively granting motions for extension of time to file a notice of appeal.  *See, e.g.*, *Marx v. Loral Corp.*, 87 F.3d 1049, 1053-54 (9th Cir. 1996); *Tarabishi v. McAlester Reg'l Hosp.*, 951 F.2d 1558, 1563 n.3 (10th Cir. 1991).  One court has even reversed a trial court and ordered it to grant *nunc pro tunc* a motion for extension of time to

7

bell and holding that her appeal is barred because her notice of appeal was not timely filed. Further, dismissing Busby's appeal based on the fiction that her motion for extension of time was not granted is manifestly unfair because it punishes her for the trial court's failure to rule on her motion for extension of time. Accordingly, the majority is mistaken in concluding that the Court of Appeals could only have had jurisdiction to rule on the merits of Busby's appeal if the suspension of Rule 4 was justified. The proper way to decide the jurisdictional issue is as follows: the Court of Appeals had (and this Court has) jurisdiction to rule on the merits of Busby's appeal, if the trial court did not abuse its discretion in deciding that Busby had shown good cause for an extension of time. Therefore, I will proceed to review the trial court's ruling that Busby showed good cause for not timely filing her notice of appeal.

¶17.     This Court has adopted the following standard when reviewing a trial court's ruling on a motion for an extension of time to file a notice of appeal: "To the degree that a trial judge's decision to grant or deny a motion for an extension of time is based upon precept of law, the standard for this Court's review shall be 'plenary'; otherwise, this Court shall simply apply the abuse-of-discretion standard." *In re Estate of Ware*, 573 So. 2d 773, 776 (Miss. 1990) (citation omitted). Because the trial court in this case did not grant Busby's motion for an extension of time based upon a precept of law, its decision to grant Busby's motion must be reviewed under an abuse-of-discretion standard.

¶18.     Mississippi Rule of Appellate Procedure 4(g) provides in pertinent part:

---

file a notice of appeal. *Consol. Freightways Corp. v. Larson*, 827 F.2d 916, 921 (3rd Cir. 1987).

8

The trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule. Any such motion which is filed before expiration of the prescribed time may be granted for good cause . . . . Notice of any such motion which is filed before expiration of the prescribed time shall be given to other parties, and the motion shall be granted only upon a showing of excusable neglect.

M.R.A.P. 4(g). The comments to Rule 4 state:

A motion filed before the expiration of the 30 day period . . . may be granted for any "good cause." This standard is identical to that found in Rule 26. . . . If the motion is not filed until the extension period has begun to run the burden rests on the appellant to show the failure to file a timely notice was a result of "excusable neglect."

M.R.A.P. 4 cmt. Because Busby filed her motion for extension of time within 30 days of the entry of the trial judge's order denying her post-trial motions, she was only required to prove that she had a "good cause" for failing to file a timely notice of appeal, not that her failure to perfect a timely appeal was attributable to "excusable neglect."

¶19. Busby filed her combined post-trial motions on April 27, 2000, but the trial court did not rule on those motions until August 13, 2003. The court's order denying Busby's motions was not filed with the clerk until August 21, 2003. Busby argued that her motion for an extension of time should be granted because her attorney "did not have knowledge of nor receive a copy of the Court's ruling until Monday, September 8, 2003." In its order entered April 6, 2006, retroactively granting Busby's motion for extension of time to file a notice of appeal, the trial court did not explain why it was granting the motion.

¶20. The comment to Rule 4 states that "[m]ere failure to learn of entry of the judgment is generally not a ground for showing 'excusable neglect.'" M.R.A.P. 4 cmt. The comment, however, does not rule out any reason as being a ground for showing good cause. To be

9

sure, "[c]ounsel in a case taken under advisement has a duty to check the docket regularly"; nevertheless, I cannot say that Busby's failure to learn of the trial court's order was so inexcusable as to not constitute good cause. M.R.A.P. 4(g) cmt. Under these facts, I decline to find that the trial court abused its discretion in ruling that Busby had shown good cause for not filing a timely notice of appeal. It is the trial court's prerogative, not ours, to decide whether to grant or deny a motion for an extension of time. I would defer to the trial court's determination in this case that an extension of time was warranted.

¶21. For the above reasons, the Court of Appeals did not lack jurisdiction to consider the merits of Busby's appeal. Accordingly, this Court should review the Court of Appeals' decision on the merits of the case. I dissent.

**GRAVES, J., JOINS THIS OPINION. EASLEY, J., JOINS THIS OPINION IN PART.**