**SAN JUAN CITY COLLEGE, INC.,
a Puerto Rico Corporation, et
al., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

No. 01–73C.

United States Court of Federal Claims.

Feb. 22, 2007.

5. *Consolidation Coal Company et al. v. United States, No. 01–254C, Order entered September* 13, 2006.

Leslie H. Wiesenfelder, Dow, Lohnes & Albertson, Washington, DC, Yolanda R. Gallegos, Gallegos Legal Group, Albuquerque, NM, for plaintiffs.

Gregory Thomas Jaeger, Hillary Adrienne Stern, U.S. Department of Justice, Civil Division Commercial Litigation Branch, Washington, DC, for defendant.

## ORDER

HORN, Judge.

On February 5, 2007, plaintiff's counsel filed a motion for an enlargement of time to file a notice of appeal from a judgment of this court dated November 21, 2006. *San Juan City College, Inc. v. United States,* 74 Fed.Cl. 448 (2006). The court requested input from the defendant, which filed a response neither supporting nor opposing plaintiff's motion for an enlargement of time.

San Juan City College (SJCC) initiated the original action in this case against the United States Department of Education, alleging breach of a Program Participation Agreement. *San Juan City College, Inc. v. United States,* 58 Fed.Cl. 26, 27–29 (2003). The parties submitted cross-motions for summary judgment. *Id.* at 27. The first trial court judge assigned the case granted the defendant's motion, denied the plaintiff's motion, and dismissed the case. *Id.* at 32. The original trial judge held that SJCC was not entitled to contract damages as a matter of law. *Id.* at 31–32. Plaintiff appealed, and the United States Court of Appeals for the Federal Circuit vacated the lower court's judgment dismissing plaintiff's complaint, and remanded the case to the trial court to make certain factual findings. *San Juan City College, Inc. v. United States,* 391 F.3d

1357, 1365 (Fed.Cir.2004). After the remand, the case was transferred to the undersigned judge, on October 19, 2005. Following additional proceedings, including the need to obtain English translations of Spanish documents in the record, the parties filed new motions for summary judgment, which also responded to the factual issues raised in the Federal Circuit opinion. Judgment dismissing the case was entered by the undersigned judge on November 22, 2006. *San Juan City College v. United States,* 74 Fed. Cl. at 458.

Pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure (Fed. R.App. P.),[1] a plaintiff, in a case in which the United States is a party, has sixty days to file a notice of appeal. *See also* Fed. R.App. P. 3(a)(1); and Rule 58.1 of the United States Court of Federal Claims (RCFC). Accordingly, plaintiff's current notice of appeal was due to be filed on or before January 22, 2007. As noted above, however, the notice of appeal was submitted by plaintiff's counsel, with a request for an enlargement of time to file it, on February 5, 2007. The plaintiff's motion for enlargement of time itself was filed in accordance with Fed. R.App. P. 4(a)(5), which allows a district court[2] to consider granting a motion to extend the time to file a notice of appeal if a party so moves no later than thirty days after the time for filing the appeal expired, prescribed by Fed. R.App. P. 4(a)(1)(B). Fed. R.App. P. 4(a)(5)(A)(i). The applicable Federal Rule of Appellate Procedure also requires that the moving party must show, "excusable neglect or good cause." Fed. R.App. P. 4(a)(5)(A)(ii).

The United States Supreme Court has identified four factors to be utilized in an analysis of excusable neglect: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in

---

1. These federal rules, as amended by local rules, are applicable to procedures in the United States Courts of Appeals. Fed. R.App. P. 1(a)(1).

2. The terms "district court" and "trial court" include the United States Court of Federal Claims. Fed. Cir. R. 1(a)(1)(C).

good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).[3] According to the Supreme Court, this is an equitable analysis, taking account of all relevant circumstances surrounding the party's omission to file. *Id.* at 395, 113 S.Ct. 1489. However, "'the four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import.'" *Graphic Commc'ns Int'l Union, Local 12–N v. Quebecor Printing Providence, Inc.*, 270 F.3d at 5–6 (quoting *Hosp. del Maestro v. Nat'l Labor Relations Bd.*, 263 F.3d 173, 175 (1 st Cir.2001) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000))); *see also Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366–67 (2nd Cir. 2003).

In *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), a case in which the motion to extend the time in which to appeal was filed before the applicable period in which to appeal had expired, the United States Supreme Court indicated that, absent an abuse of discretion, great deference to the trial court is appropriate to prevent undue hardship to a movant, which justifiably relies on the trial judge's finding of excusable neglect. Such deference also is warranted in cases in which the motion to extend the time in which to appeal is filed within thirty days after the due date for the notice of appeal, and well in advance of that expiration time. *See Asbestos Pers. Injury Plaintiffs v. Travelers Indem. Co.*, No. 06–2320–bk, 476 F.3d 118, 124 (2nd Cir.2007) (standard for review of a decision by the trial court under Rule 4(a)(5) is abuse of discretion); *see also Mommaerts v. Hartford Life & Accident Ins.*

*Co.*, 472 F.3d 967, 968 (7th Cir.2007); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir.2006); *United States v. Mitchell*, 464 F.3d 1149, 1150 (10th Cir.2006); *In re Diet Drugs Prod. Liab. Litig.*, 401 F.3d at 153; *Bennett v. City of Holyoke*, 362 F.3d 1, 4 (1 st Cir.2004); *Gibbons v. United States*, 317 F.3d 852, 853–54 (8th Cir.2003); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d at 997; *Davis v. Page*, 618 F.2d 374, 378 (5th Cir.1980).

■ Although *Pioneer* adopted an "elastic" definition of excusable neglect, courts will not recognize excusable neglect absent unique or extraordinary circumstances. *See Graphic Commc'ns Int'l Union, Local 12–N v. Quebecor Printing Providence, Inc.*, 270 F.3d at 5. The First Circuit Court of Appeals, in *Graphic Communications*, noted that circumstances of attorney neglect due to misinterpretations of the law or misreading of unambiguous judicial statements did not excuse an untimely appeal. *Id.* In *Allied Domecq Retailing USA v. Schultz*, 254 B.R. 149, 154 (6th Cir. BAP 2000), the Sixth Circuit Bankruptcy Appellate Panel held that situations involving, "office upheaval," "the illness of an attorney's staff member," or "an unusually heavy case load," which using or hiring additional staff members may remedy, are distinguishable from situations in which counsel becomes preoccupied with care of a seriously ill spouse. In *Local Union No. 12004 v. Massachusetts*, 377 F.3d 64, 72 (1st Cir.2004), the First Circuit reviewed the *Pioneer* factors and found plaintiff's explanation meritorious, holding that the district court had not abused its discretion in finding excusable neglect when a party's counsel became preoccupied with caring for his severely ill infant. In the case at bar, plaintiff's

**3.** The *Pioneer* standards, although issued as an interpretation of the Bankruptcy Rules, have been adopted as applicable to the Federal Rules of Appellate Procedure. *See In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 153 (3rd Cir. 2005); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2nd Cir.2003) (holding *Pioneer's* definition of excusable neglect is applicable beyond the bankruptcy rules), *cert. denied sub nom. Essef Corp. v. Silivanch*, 540 U.S. 1105, 124 S.Ct. 1047, 157 L.Ed.2d 890 (2004); *Graphic Commc'ns Int'l Union, Local 12–N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001) (holding *Pioneer* is applicable to Fed.

R.App. P. 4(a)(5)); *see also Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir.1998), *cert. denied*, 526 U.S. 1005, 119 S.Ct. 1143, 143 L.Ed.2d 210 (1999); *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1324–25 (11th Cir. 1996); *Fink v. Union Cent. Life Ins. Co.*, 65 F.3d 722, 724 (8th Cir.1995); *Virella–Nieves v. Briggs & Stratton Corp.*, 53 F.3d 451, 454 n. 3 (1st Cir.1995); *Reynolds v. Wagner*, 55 F.3d 1426, 1429 (9th Cir.), *cert. denied*, 516 U.S. 932, 116 S.Ct. 339, 133 L.Ed.2d 237 (1995); *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994), *cert. denied*, 513 U.S. 1191, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995).

counsel describes how she became overwhelmed by the illness of her father, the requirements as a care taker, and the death of her father.

The defendant in the present case, in its response submitted to the court, notes that a determination of excusable neglect depends on the facts of the case before the court. The long procedural history of this case reveals that plaintiff's counsel, Ms. Gallegos, has aggressively advocated on behalf of her client before the original trial judge, the Federal Circuit, and the undersigned judge, since this case was filed. The court, therefore, presumes that Ms. Gallegos' motion for an enlargement of time is made in good faith. The defendant has not introduced evidence to the contrary and has offered no evidence to counter the extent to which plaintiff's counsel indicates she was impacted by her father's illness and passing. Moreover, the enlargement is due to factors introduced into this case by plaintiff's counsel, and was not the fault of the plaintiff, SJCC, which occasioned no part of the delay.

In this case, the danger of prejudice to the nonmoving party is minimal, because of the lengthy history of this case, it is the plaintiff, not the defendant, which is seeking a continuance, and the defendant has not opposed the extension request. *See Local Union No. 12004 v. Massachusetts*, 377 F.3d at 73 (holding the trial judge did not abuse its discretion by granting a motion for enlargement of time when the delay was relatively brief, there was no discernible prejudice, and the defendant did not oppose the motion). In the case brought by SJCC, the delay is unlikely to be excessive since plaintiff's counsel has stated that she is prepared to proceed virtually immediately.

This court concludes that plaintiff's attorney has satisfied the four *Pioneer* factors since: (1) the danger of prejudice to the defendant is minimal; (2) further delay is unlikely; (3) a unique and extraordinary circumstance, reasonably outside plaintiff's control, created the delay; and (4) the plaintiff and its attorney has acted in good faith regarding the motion for an extension of time to appeal. The court believes that the requested enlargement of time is appropriate.

The court **GRANTS** plaintiff's motion for enlargement of time. The clerk's office of the United States Court of Federal Claims shall **FILE** the plaintiff's notice of appeal.

**IT IS SO ORDERED.**