STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re Old Town Trail Associates Subdivision | } | Docket No. 7-1-09 Vtec |
| (Appeal of Old Town Trail Assocs., LLC) | } | |
| | } | |

Decision and Order on V.R.A.P. 4 Motion for Extension of Time

On January 13, 2009, Appellant-Applicant Old Town Trail Associates, LLC appealed from a December 17, 2008 decision of the Planning Commission of the Town of Ferrisburgh, denying its application for a two-lot subdivision of a 10.07-acre parcel on the east side of Hawkins Bay Lane.

On February 17, 2009, Interested Person Simendinger Associates V, LLC ("Simendinger Associates" or "Movant") entered an appearance in the appeal, then represented by William E. Simendinger, Esq. Simendinger Associates had participated in the subdivision review process before the Planning Commission through William E. Simendinger. On March 9, 2009 the Court held the initial pretrial conference by telephone, at which William E. Simendinger, Esq. and David L. Grayck, Esq. participated on behalf of Simendinger Associates. Although Mr. Grayck had not yet entered a written appearance on behalf of Simendinger Associates, he stated on the audio-taped record of the conference that he was "certainly . . . entering my appearance for the purposes of this call, and will likely be entering my appearance on behalf of Attorney Simendinger."

On April 15, 2009, Simendinger Associates moved for extension of time to file a cross-appeal, together with its notice of cross-appeal and an entry of appearance by David L. Grayck, Esq. On April 22, 2009, Kathryn A. Sarvak, Esq. substituted her appearance for that of William E. Simendinger, Esq. Appellant-Applicant Old Town

1

Trail Associates, LLC (Applicant) is represented by Thomas Z. Carlson, Esq. The Town of Ferrisburgh is represented by James F. Carroll, Esq. Interested parties Hugh McBride, Stuart M. MacCrellish, Anne Cady, Paul Weisbart, Lillie Weisbart, James Bahrenburg, and Betsy Bahrenburg have appeared and represent themselves, but have not submitted memoranda on the present motion.

At the March 9, 2009 telephone conference, Attorney Simendinger raised issues regarding a dispute over property rights to do with the status of Old Town Trail. He suggested that these issues may need to be addressed in Superior Court,[1] but that they could affect Applicant's rights to proceed with the project.

In responding to Attorney Simendinger's statement regarding these issues, Judge Wright noted that the property rights issues had not been raised by any party and that "[t]here is no cross-appeal in this case so far, and no indication that there is an issue as to the right-of-way or as to any property ownership."

Attorney Simendinger stated that the issue was raised below, and that he was "raising it now." Judge Wright noted that Simendinger Associates had not filed any notice of appeal, and stated as follows as to the timeliness of any cross-appeal or additional appeal:

> I'm not sure if the time for filing a cross-appeal has run out or not. I don't know what date this was filed or when the statement of questions was due, but the time for filing an additional or a cross-appeal dates from the time that the statement of questions was due. Just look at the rules and then [V.R.A.P.] Rule 4 applies to any request for additional time.

Under Rule 5(b)(2) of the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.), an additional or cross-appeal may be filed within 14 days of the date on

---

[1] He referred to this Court as having ruled "in prior cases" that it "doesn't have jurisdiction to consider who owns property." See, e.g., Appeal of Monty, Docket Nos. 7-1-04 Vtec and 47-3-04 Vtec, slip op. at 6-7 (Vt. Envtl. Ct. Jan. 24, 2006) (Durkin, J.) and cases cited therein.

2

which the statement of questions is required to be filed under V.R.E.C.P. 5(f), "unless the Court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure." As discussed in In re Rinker's, Inc., No. 302-12-08 Vtec, slip op. at 2 (Vt. Envtl. Ct. Mar. 25, 2009) (Wright, J.), Rule 4(d) of the Vermont Rules of Appellate Procedure (V.R.A.P.) provides that a motion for extension of time to file a notice of appeal (that is, a motion to file a notice of appeal late) must be filed "no later than 30 days after" the expiration of the original time for filing the notice of appeal. V.R.A.P. 4 gives the trial court no discretion to extend the time period for filing a V.R.A.P. 4(d) motion beyond the 30 additional days.

In the present case Appellant-Applicant's notice of appeal was filed on January 13, 2009, making the statement of questions due to be filed on February 2, 2009. V.R.E.C.P. 5(f). Thus, under V.R.E.C.P. 5(b)(2), Movant's cross-appeal would have had to have been filed by February 17, 2009, to be timely, and, under V.R.A.P. 4(d), Movant's motion to extend the time to file the cross-appeal would have had to have been filed by March 19, 2009, to allow the Court to consider extending the appeal period.

Movant's motion to extend the time to file the cross-appeal was not filed until April 15, 2009. Therefore, no matter how excusable[2] the neglect alleged in the motion,

---

[2] Permission to file a late notice of appeal requires a showing of excusable neglect or good cause. V.R.A.P. 4(d). As in the present case, a death or serious illness in the attorney's family can constitute grounds for a finding of excusable neglect. See San Juan City Coll. v. United States, 75 Fed. Cl. 540, 542–43 (2007); Local Union No. 12004, United Steelworkers v. Massachusetts, 377 F.3d 64, 72 (2004).

In general, good cause refers to situations in which the movant bears no fault for failing to file a timely appeal, such as failure of the Postal Service to deliver a timely-mailed notice of appeal, while excusable neglect refers to situations in which the movant bears some responsibility for failing to file the timely notice. See V.R.A.P 4, Reporter's Notes (2006). As discussed in Rinker's, No. 302-12-08 Vtec, slip op. at 2–3 (Mar. 25, 2009), in evaluating a party's claim of excusable neglect the Court must consider the danger of prejudice to the nonmovant, the length of the delay and its

the motion must be denied because it was filed beyond the additional 30-day period within which such motions may be filed under V.R.A.P. 4(d).

Movant argues that the discussion at the March 9, 2009 conference, touching on the possibility of Movant's filing a cross-appeal, should be treated as an implied timely motion to file such a cross-appeal. Movant argues that the discussion should be treated as the timely filing of the motion, as it occurred nine days prior to the March 18, 2009 deadline under V.R.A.P. 4(d) for filing such a motion.

To the extent that the possibility of Movant's filing a cross-appeal was even discussed at the conference, the issue was raised by Judge Wright, who directed the parties to the applicable rules governing the time to file an additional or cross-appeal, and to those governing a motion for an extension of that time period. No statements were made at that conference, and no document was filed within the nine days remaining in the V.R.A.P. 4(d) period, that could be construed as a motion to extend the time for filing a cross-appeal, or a presentation of the facts amounting to excusable neglect required by V.R.A.P. 4(d).

Nor were any statements made at that conference, nor was any document filed within the nine days remaining in the V.R.A.P. 4(d) period, that could be construed as a notice of cross-appeal, even if the motion to file it late could have been inferred from such a filing. Any notice of appeal must "specifically indicate[] an intent to appeal and give[] sufficient notice of that intent." In re Shantee Point, Inc., 174 Vt. 248, 259 (2002) (citing Smith v. Barry, 502 U.S. 244, 248 (1992)). Attorney Simendinger's comments at the telephone conference did not specifically indicate an intent to cross-appeal, nor did they provide sufficient notice to other parties of such an intent.

---

potential effect on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant has acted in good faith.

4

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Movant Simendinger Associates V, LLC's Motion to Extend Time to Cross-Appeal is DENIED.[3]  Simendinger Associates retains its party status as an interested party in the appeal filed by Appellant-Applicant, and will be free to present its own evidence, as well as its own memoranda of law, on the merits of the issues raised by Appellant-Applicant's Statement of Questions.  If any related case is filed in Superior Court, this Court will hold a telephone conference to determine the appropriate scheduling of the above-captioned case.  V.R.E.C.P. 2(b).

Done at Berlin, Vermont, this 3rd day of June, 2009.


_____
Merideth Wright
Environmental Judge

---

[3]  Appellant-Applicant has also moved, without any citation or argument, for an award of "costs and reasonable attorney[']s fees incurred in response to this motion."  In the rules applicable to this Court, including the Vermont Rules of Civil Procedure and the Vermont Rules of Appellate Procedure, made applicable by V.R.E.C.P. 5(a)(2), the only basis for such an award, other than in the context of discovery, is V.R.C.P. 11. Appellant-Applicant has not alleged that Movant has violated any of the standards in V.R.C.P. 11(b), and has not asserted any bad-faith conduct on the part of Movant in filing the present motion.  As discussed in Agency of Natural Res. v. Lyndonville Savings Bank & Trust Co., 174 Vt. 498, 501 (2002), this Court's inherent power, independent of V.R.C.P. 11, to award attorneys' fees is only appropriately exercised "in exceptional cases based on the bad-faith conduct of litigants."  The motion for costs and attorney's fees is DENIED.