# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00260-COA

**DAVID GLEN NUNNERY AND JENE'**
**NUNNERY**                                                        APPELLANTS

**v.**

**PAUL EDWARD NUNNERY AND GLENDA**                   APPELLEES
**NUNNERY LORD, AS CO-EXECUTOR-**
**EXECUTRIX OF THE WILL AND ESTATE OF**
**JOSEPH L. NUNNERY, DECEASED, AND**
**ANNIE LOUISE YOUNG NUNNERY**

DATE OF JUDGMENT:             01/27/2014
TRIAL JUDGE:                  HON. DEBBRA K. HALFORD
COURT FROM WHICH APPEALED:    PIKE COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANTS:      JEFFREY A. VARAS
ATTORNEYS FOR APPELLEES:      JOSEPH M. STINSON
                              DAVID RYAN BRUHL
NATURE OF THE CASE:           CIVIL - OTHER
TRIAL COURT DISPOSITION:      DENIED MOTION FOR EXTENSION OF
                              TIME TO FILE A NOTICE OF APPEAL
DISPOSITION:                  AFFIRMED – 07/21/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., ISHEE AND CARLTON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     In this appeal, we are tasked with deciding whether the Chancery Court of Pike County abused its discretion in denying David Glen Nunnery and Jene' Nunnery's (the Nunnerys) motion for an extension of time to file a notice of appeal. After a thorough consideration of the facts, we find no abuse of discretion. Therefore, we affirm.

FACTS

¶2.    The Nunnerys were defendants in a case involving a land dispute. They retained Attorney J. Frederick Ahrend to represent them. However, after the trial had concluded but prior to the court's entering its final judgment, Ahrend was allowed to withdraw. At some point thereafter, the Nunnerys retained new counsel. The chancery court filed its final judgment on June 20, 2012. On June 29, 2012, the Nunnerys' new counsel filed a post-trial motion pursuant to Rule 59 of Mississippi Rules of Civil Procedure, challenging the final judgment. However, counsel never noticed the motion for a hearing. Nevertheless, on October 1, 2013, the chancery court denied the motion.

¶3.    On November 19, 2013, the Nunnerys' counsel filed the motion for an extension, seeking additional time to file a notice of appeal from the October 1, 2013 judgment. In the motion, counsel stated that

> a close family member of the undersigned attorney was involved in a serious car wreck in South Carolina, was in a comma [sic] in intensive care, underwent surgical procedures, and was placed on life support. These unfortunate events extended for a period of four (4) weeks requiring the undersigned attorney's regular attendance at the Greenville, South Carolina hospital. On November 9, 2013, the family removed life support[,] and on November 16[, 2013,] the funeral was held.

Counsel argued that his failure to timely file a notice of appeal was due to excusable neglect.

¶4.    On January 13, 2014, the chancery court held a hearing on the motion. During the hearing, counsel revealed that it was his brother who had died as a result of the accident. He stated that he learned of the accident on October 22, 2013, and he admitted that at that time, "[he] still had eight days left in which to file the notice of appeal[.]" Counsel also stated that

2

after traveling to South Carolina following the accident, he "was not paying attention, nor did [he] feel like [he] needed to pay attention to the demands of the law practice[.]" He further stated that "[he] had other matters which ha[d] all been continued and had to be continued because of the circumstances which [he] found himself in[.]"

¶5.    Also during the hearing, counsel stated that following the accident, he made several "in-between trips, coming back and forth" from South Carolina to Mississippi, and vice versa. Counsel also stated that during one such trip to Mississippi, he noticed a letter from an attorney for the appellees. He did not reveal the contents of the letter, but stated that he responded to the letter by informing the appellees' counsel that he was "out of pocket" and that he would "get back to [the appellees' counsel] later." Counsel did not take any further action in regards to the letter. However, during the hearing, counsel stated that after returning to Mississippi on or about November 17, 2013, he took immediate action to effectuate an appeal of the October 1, 2013 judgment. The chancery court denied the motion for an extension, culminating in this appeal.

## DISCUSSION

¶6.    Following the hearing, the chancery court stated:

> Mr. Ahrend was the lawyer who tried the case on behalf of [current counsel's] clients. Nine days after the entry of [the final judgment], [current counsel] filed the [post-trial motion]. He filed it [on] [June 29, 2012], and that [m]otion was not brought on for hearing.
>
> And the matter continued on the [c]ourt's docket until the [c]lerk brought it to the [c]ourt's attention in September, approximately 15 months[] later. . . . And, in fact, the [post-trial motion] should have been dismissed as a stale

3

action, and the [c]lerk, apparently, did not send a [m]otion to [d]ismiss it because of its unusual nature. But, again, it was not prosecuted, [and] it was not brought on for a hearing.

The [c]ourt didn't enter a decision on that [m]otion until it was brought to the [c]ourt's attention that it was there[—]that it had been filed and not prosecuted, and th[e] [judgment denying the post-trial motion] was entered on October [1, 2013].

And whereas the [c]ourt has the most extreme sympathy for counsel and for his personal life situation[,] which occurred in the waning days that this case could have been appealed to the [Mississippi] Supreme Court, this [c]ourt does not find, considering all things, that this is an appropriate case for extending the time for leave to appeal the case.

And that said, the [c]ourt is going to deny the [motion for an extension].

¶7. On appeal, the Nunnerys' counsel argues that "[t]his is not a situation where a deadline was ignored but rather was prevented from being met by circumstances beyond [his] control." He also argues that the events that occurred in his personal life between October 22, 2013, and November 16, 2013, made it impossible for him to timely file a notice of appeal. He further argues that because he is a sole practitioner, he had no one who could have filed a notice of appeal on his behalf. He avers that after learning of his brother's accident, he "spent the next three weeks traveling to Greenville, South Carolina, spending extended periods of time by his brother's hospital bed, and dealing with end-of-life medical, financial[,] and emotional decisions." He insists that equity required the chancery court to grant the motion for an extension.

¶8. In response, the appellees argue that the chancery court did not err in denying the motion for an extension. The appellees point out that the Nunnerys' counsel had nearly three

4

weeks to file a notice of appeal before his brother's accident. They insist that the chancery court properly denied the motion because extensions should not be granted in situations where attorneys are distracted by other matters or obligations. The appellees also argue that the thirty-day deadline prescribed by Rule 4 of the Mississippi Rules of Appellate Procedure is to be strictly construed and that the Nunnerys' counsel has not met his burden of proving excusable neglect in this case.

¶9.     The decision to grant or deny a motion for an extension to file an appeal is left to the sound discretion of the trial court. *See* M.R.A.P. 4(g). "In determining whether a trial [court] erred [by] failing to grant a motion for an extension of time, the proper standard of review is abuse of discretion." *Odom v. Pub. Emps. Ret. Sys. of Miss.*, 906 So. 2d 797, 798 (¶4) (Miss. Ct. App. 2004) (citation omitted).

¶10.    Rule 4(a) provides that a "notice of appeal . . . shall be filed with the clerk of the trial court within 30 days after the date of the entry of the judgment or order appealed from." However, Rule 4(g) offers some relief to parties who fail to file a notice of appeal within the time prescribed by Rule 4(a), stating:

> The trial court may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time otherwise prescribed by this rule. Any such motion which is filed before expiration of the prescribed time may be granted for good cause and may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to other parties, and the motion shall be granted only upon a showing of excusable neglect.

¶11.    Obviously, "the showing of 'excusable neglect' cannot be found in every set of

5

circumstances." *Guthrie v. Renfroe*, 703 So. 2d 846, 848 (¶17) (Miss. 1997). Our case law

provides general examples of what does not constitute excusable neglect under Rule 4(g).

*See Guthrie*, 703 So. 2d at 848 (¶14) (trial court abused its discretion by granting motion for

leave to file out-of-time appeal where appellant failed to plead excusable neglect with

particularity); *see also In re Estate of Ware*, 573 So. 2d 773, 775 (Miss. 1990) (mere failure

to learn of judgment does not constitute excusable neglect).

¶12.    In *Busby v. Anderson*, 978 So. 2d 637 (Miss. 2008), a jury trial resulted in a verdict

for the defendant-appellee, and the plaintiff-appellant filed a post-trial motion challenging

the verdict. *Id*. at 638 (¶¶1-3). The trial court filed the order denying the motion on August

21, 2003. *Id*. On September 15, 2003, the plaintiff-appellant filed a motion for an extension,

requesting additional time to file a notice of appeal from the August 21, 2003 order. *Id*. at

(¶4). Although the trial court failed to rule on the motion for an extension, the plaintiff-

appellant did not file her notice of appeal until October 20, 2003. *Id*. On appeal, this Court

notified the trial court of the unresolved motion, and instructed the trial court to make a

ruling thereon. *Id*. at (¶5). The trial court granted the motion, and after considering the

merits of the appeal, this Court reversed and remanded the case for a new trial. *Id*. The

Mississippi Supreme Court granted certiorari and considered the sole issue of whether the

notice of appeal was timely. *Id.* at (¶6). Upon review, our supreme court found:

> [The plaintiff-appellant's] motion for an extension of time to file a notice of
> appeal was timely filed, within thirty days of the date of the entry of the
> judgment. [The plaintiff-appellant's] motion argued that an extension was
> warranted because of the delay in her learning of the adverse judgment. . . .

6

[Her] notice of appeal was filed on the sixtieth day and could have been timely under the rules had the trial court granted her motion[.] . . . However, the [trial] court did not rule on [the plaintiff-appellant's motion] until prompted by the Court of Appeals. . . . [The plaintiff-appellant] *had a duty to diligently pursue her claim*, yet she failed to seek a writ of mandamus . . . following the [trial] court's delay in ruling on her post-judgment motion[ ]. Next, [the plaintiff-appellant] failed to file her notice of appeal within the thirty-day period prescribed by Rule 4(a).

*Id*. at 639-40 (¶¶8-11) (emphasis added). The supreme court ultimately dismissed the appeal. *Id*. at (¶12).

¶13. Filing a notice is a simple act, and a party must do all it could reasonably be expected to do to perfect the appeal in a timely fashion." *Byrd v. Biloxi Reg'l Med. Ctr.*, 722 So. 2d 166, 169 (¶13) (Miss. Ct. App. 1998) (citation omitted). In this case, twenty-one days elapsed between the entry of the final judgment and counsel's brother's accident. A notice of appeal could have been filed within those twenty-one days, and counsel has not provided an explanation as to why that was not possible. Moreover, counsel's statement that after learning of his brother's accident, he was not paying attention to his law practice and did not feel like he needed to pay attention to the demands of his law practice is very telling. It certainly does not suggest excusable neglect. Although this Court understands the emotional distress that one must feel upon losing such a close relative, we cannot find, on these facts, that the chancery court abused its discretion in denying the Nunnerys' motion for an out-of-time appeal. Therefore, under our standard of review, we are compelled to affirm.

¶14. **THE JUDGMENT OF THE CHANCERY COURT OF PIKE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

7

**LEE, C.J., ISHEE AND CARLTON, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., BARNES AND FAIR, JJ. GRIFFIS, P.J., AND FAIR, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., NOT PARTICIPATING.**

**MAXWELL, J., CONCURRING IN PART AND IN THE RESULT:**

¶15.    I agree the chancellor did not abuse her discretion in denying an extension of time for the Nunnerys to appeal, considering the totality of the circumstances. While I find the Nunnerys *did* show the necessary excusable neglect, based on our discretionary review, I cannot say the chancellor erred by finding these circumstances were outweighed by the prejudice to the other side that would have arisen if the requested extension had been granted.

### Excusable Neglect

¶16.    The Nunnerys' counsel made a compelling argument for excusable neglect. While the Mississippi Supreme Court has not addressed whether the illness of a participating lawyer's family member could lead to "excusable neglect," other jurisdictions have. For example, in *Local Union No. 12004, United Steelworkers of America v. Massachusetts*, 377 F.3d 64, 72 (1st Cir. 2004), counsel did not timely file the notice of appeal he had drafted because his infant son had become extremely ill. In *In re Schultz*, 254 B.R. 149, 153-54 (B.A.P. 6th Cir. 2000), counsel missed the deadline because, during the time to appeal, he "devoted only part-time hours to his solo law practice" while his wife was undergoing chemotherapy for ovarian cancer. And in *San Juan City College, Inc. v. United States*, 75 Fed. Cl. 540, 541-43 (Fed. Cl. 2007), counsel failed to file an appeal because she "became

8

overwhelmed by the illness of her father, the requirements of a caretaker, and the death of her father." In each of these cases, counsel's preoccupation with caring for the extremely ill or dying family member was deemed to be excusable neglect. *Local Union No. 12004*, 377 F.3d at 72; *In re Schultz*, 254 B.R. at 153-54; *San Juan City Coll.*, 75 Fed. Cl. at 541-43.

¶17.  Here, the Nunnerys' counsel testified he neglected the demands of his law practice, including impending deadlines, while his brother was in the ICU in South Carolina. Though court deadlines are certainly important and missing them has serious consequences—consequences that affect clients' lives and property interests—extraordinary personal circumstances sometimes arise. And these circumstances may on occasion take precedence over court deadlines—which is the very reason for incorporating "excusable neglect" into Rule 4(g). Though we lack authority to alter the thirty-day jurisdictional time limit of Rule 4, we are often asked to extend the deadlines that are within our control for reasons amounting to excusable neglect. And we have typically been generous in our response.

¶18.  I also note that I do not share the majority's concern about the notice of appeal not being filed within the first twenty-one days of the thirty-day period. Of course, this issue would not be before us had the Nunnerys' counsel filed a notice of appeal within the first three weeks of the notice period, before his brother's accident. But under Rule 4(a), a notice of appeal filed on day thirty is just as valid as a notice of appeal filed on day one. And there may be legitimate reasons why counsel files toward the end of the thirty-day period—including waiting on the client's permission and financial commitment to pursue an

9

appeal. Settlement negotiations also often occur during this window. So I do not think the fact counsel did not file his notice of appeal as soon as possible precludes finding excusable neglect.

**Prejudice**

¶19. That said, there were other delays by the Nunnerys during the scope of the years-long litigation that were unrelated to the tragic circumstances that prevented counsel from filing a timely notice of appeal. With these delays in mind, the chancellor found the need for finality for the parties trumped the unfortunate circumstances that led to counsel's asking for an extension.

¶20. The chancellor was actually quite sympathetic to the family situation thrust upon the Nunnerys' counsel. But she balanced this circumstance with the impact her extending the time to appeal would have on the other side. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993) (identifying factors to consider when analyzing "excusable neglect," including the danger of prejudice to the other side and the length of delay and its potential impact on the judicial process). This case involved an emotional family dispute that took years to litigate. And according to the chancellor, there would be no peace for the prevailing family members until this litigation was finally resolved. The chancellor made her final ruling in June 2012. But the Nunnerys immediately filed a post-trial motion that tolled the time to file an appeal. They then let this motion languish on the docket for more than a year. When the chancellor realized this in October 2013, she denied

the motion, finally triggering the thirty days to file an appeal.

¶21.    Thus, it was ultimately the prejudice to the other side—not simply the actions or inactions by the Nunnerys' counsel—that dissuaded the chancellor from granting an extension.  This potential prejudice is what makes this case different from those I have cited in which courts found "excusable neglect" based on the illness of counsel's family.  In those cases, the potential prejudice was minimal.  *Local Union No. 12004*, 377 F.3d at 72; *In re Schultz*, 254 B.R. at 154; *San Juan City Coll.*, 75 Fed. Cl. at 543.  But here the chancellor found the potential prejudice was so great that it warranted not granting an extension.

¶22.    I find no abuse of discretion in this decision.  The decision to extend the time to file a notice of appeal is not mandatory upon a showing of "excusable neglect," but instead rests within the discretion of the trial court.  M.R.A.P. 4(g).  Thus, I concur with the result reached by the majority and agree this decision should be affirmed.

**GRIFFIS, P.J., BARNES AND FAIR, JJ., JOIN THIS OPINION.**