**In re Carolyn MIZISIN, Debtor.**

**Bankruptcy No. 93–11891.**

United States Bankruptcy Court, N.D. Ohio, E.D.

April 5, 1994.

Richard F. Smith, Cleveland, OH, for debtor.

Richard Ginley, Cleveland, OH, Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the Debtor's Motion For Extension Of Time To File Notice Of Appeal. The Debtor seeks to appeal a decision denying her motion to reopen her case. The judgment denying the motion to reopen was entered February 10, 1994. The Motion For Extension Of Time To File Notice Of Appeal was filed March 11, 1994.

■ Generally, Bankruptcy Rule 8002(a) provides that notices of appeal must be filed within 10 days from the date of the entry of judgment being appealed. Rule 8002(c) provides for an extension of the 10-day time period:

> The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment for order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code.

Bank.R. 8002(c).

Here, the Motion For Extension Of Time To File Notice Of Appeal was filed outside of the 10-day period for filing the notice of appeal and thus the Debtor must make a showing of excusable neglect to have her motion granted.

■ Misunderstanding of the Bankruptcy Code and Rules and heavy workload of counsel do not constitute excusable neglect. *In re Dayton Circuit Courts # 2,* 85 B.R. 51 (S.D.Ohio 1988); *Maryland Casualty Co. v. Conner,* 382 F.2d 13 (10th Cir.1967); and see, *Pioneer Investment v. Brunswick,* 507 U.S. ——, ——, 113 S.Ct. 1489, 1496–97, 123 L.Ed.2d 74, 87 (1993). Rather, excusable neglect includes sudden death, disability or illness of counsel or the party or unusual delay in the mails. *Evans v. Jones,* 366 F.2d 772 (4th Cir.1966). It also may include inadvertence, mistake, or carelessness as well as intervening circumstances beyond a party's control. In essence, there must be some neglect and it must be excusable. *Pioneer Investment, supra,* 507 U.S. at pp. —— – ——, 113 S.Ct. at pp. 1497–98, 123 L.Ed.2d at pp. 88–9. Herein, none has been demonstrated.

Specifically, the Debtor's counsel submits that he did not "neglect" the matter. Rather, he actively worked on the matter by performing some 20 hours of research, yet failed to timely file the notice. There being no excusable neglect, the motion is denied.

IT IS SO ORDERED.

### JUDGMENT

At Cleveland, in said District, on this <u>5th</u> day of April, 1994.

A Memorandum Of Opinion And Order having been rendered by the Court in these proceedings,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Debt-

or's Motion For Extension Of Time To File Notice Of Appeal is denied.