ELECTRONIC CITATION:  2000 FED App. 0010P (6th Cir.)
File Name:  00b0010p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re:  JOHN W.  SCHULTZ, | ) |
| Debtor. | ) ) ) |
| _____ | ) |
| ALLIED DOMECQ RETAILING USA, et al., | ) ) ) |
| Plaintiffs-Appellees, | ) ) |
| v. | )   No.  00-8035 |
| JOHN W.  SCHULTZ, | ) ) ) |
| Defendant-Appellant. | ) ) |
| _____ | ) |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division, at Cleveland.
Case No.  99-12928, Adversary No.  99-1351.

Submitted: October 4, 2000.

Decided and Filed:  October 26, 2000

Before:  BROWN, RHODES, and STOSBERG,
Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  Daniel D. Wilt, Euclid, Ohio, for Appellant.  Sheldon Stein, Cleveland, Ohio, for Appellee.

---

**OPINION**

---

WILLIAM HOUSTON BROWN, Bankruptcy Appellate Panel Judge. On May 8, 2000, the attorney for the Appellant John W. Schultz ("the Debtor") filed a motion in the bankruptcy court for an extension of time to file an appeal of the bankruptcy court's April 21, 2000 order denying the Debtor's general discharge. The bankruptcy court denied the motion, finding that the Debtor had not demonstrated excusable neglect to extend the time to file a notice of appeal pursuant to FED. R. BANKR. P. 8002(c)(2).

Based on the extraordinary circumstances of this case and because the bankruptcy court considered these circumstances solely in light of "law office upheaval" case authority, the Panel holds that the bankruptcy court abused its discretion in determining that the Debtor's failure to timely file a notice of appeal or a request for an extension of the time to appeal was not attributable to excusable neglect. Accordingly, we **REVERSE** the bankruptcy court's order denying the Debtor's motion for an extension of the time to appeal.

## I. ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court abused its discretion in denying the Debtor's motion to extend the time for filing a notice of appeal pursuant to the excusable neglect provision of FED. R. BANKR. P. 8002(c)(2).

2

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the BAP. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). "An order denying a motion for extension of time to file a notice of appeal pursuant to FED. R. BANKR. P. 8002(c)(2) is a final order." *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997).

The bankruptcy court's denial of the Debtor's "motion for extension of time to file a notice of appeal is reviewed for abuse of discretion." *Id.* (citing *Baker v. Raulie*, 879 F.2d 1396, 1399 (6th Cir. 1989) and *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)). "A court has abused its discretion if the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion that it reached based on all of the appropriate factors." *In re Hess*, 209 B.R. at 80 (citations omitted). While acknowledging this standard, the Court of Appeals for the Sixth Circuit has recently expressed it in another way as well: "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of

discretion." *Barlow v. M. J. Waterman & Assocs., Inc. (In re M. J. Waterman & Assocs., Inc.),* 2000 WL 1299512, at *3 (6th Cir. 2000).

"The meaning of 'excusable neglect' is a question of law, the resolution of which is subject to *de novo* review." *In re Hess,* 209 B.R. at 80 (citation omitted). "De novo review requires the Panel to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998) (citation omitted). The Panel finds this case appropriate for a decision without oral argument. FED. R. BANKR. P. 8012.

## III. FACTS

The facts of this case are undisputed. Plaintiffs Allied Domecq Retailing USA, et al., filed an adversary proceeding in the bankruptcy court seeking an order denying the Debtor's general discharge pursuant to 11 U.S.C. § 727(a)(2) and (a)(4). After a trial on the merits the bankruptcy court entered an order denying the Debtor's general discharge on April 21, 2000. Pursuant to FED. R. BANKR. P. 8002(a), the period to appeal the bankruptcy court's order ran from April 22, 2000 through May 1, 2000. The Debtor, however, did not appeal within that time and failed to file a motion for an extension of the time to file an appeal until May 8, 2000 - seven days after the 10-day appeal period expired.

Because the Debtor's motion was filed outside of the 10-day appeal period, the Debtor was required to demonstrate that the untimeliness of his motion was due to excusable neglect pursuant to FED. R. BANKR. P. 8002(c)(2). In support of his excusable neglect argument, the Debtor's counsel explained to the bankruptcy court that counsel's wife had been diagnosed for the second time with ovarian cancer and was undergoing chemotherapy. She experienced severe side effects from the chemotherapy, was hospitalized several times between February and May 2000, and she suffered extreme psychological and emotional distress. In fact, she was hospitalized on April 20, the day before the judgment was entered, for neutropenic fever, which resulted from her white blood count "crashing." She remained hospitalized until April 23, 2000. The Debtor's attorney was the sole caregiver for his wife, accompanying her to medical appointments and chemotherapy treatments. He was responsible for administering her medication. Because of the amount of care required for his wife, the attorney devoted only part-time hours to his solo law practice during the appeal period at issue.

The plaintiffs opposed the motion, arguing that a heavy work load from the attorney's reduced office hours and the pressures of caring for an ill spouse did not excuse the untimely filing of the Debtor's motion to extend the appeal period. The bankruptcy court agreed, noting that as a general rule problems associated with running a law practice do not constitute excusable neglect for purposes of FED. R. BANKR. P. 8002(c)(2). The bankruptcy court considered this case in the same vein as other reported cases involving "upheaval in [a] law practice." *Allied Domecq Retailing USA, et al. v. Schultz (In re Schultz)*, No. 99-12928, Adv. No. 99-1351, Order Denying Defendant's Motion to Extend

5

Time to Appeal at 3 (Bankr. N.D. Ohio May 19, 2000) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 398, 113 S. Ct. 1489, 1499 (1993)).

Although the bankruptcy court accepted as true the statements made by the Debtor's counsel regarding his wife's illness during the appeal period, the bankruptcy court emphasized the fact that the attorney worked on a part-time basis, stating:

> [C]ounsel does not dispute that he received the judgment within the appeal time and he acknowledges that he was at work part time during that 10 day period, which ran from April 22 through May 1. . . . Counsel does not explain why the adverse judgment was not given priority during the time that counsel did go to work. . . ., given that he admittedly was at work part time during the 10 day period, he could have either filed the simple notice of appeal or a short motion for extension of time in which to do so before the appeal time ran.

*In re Schultz*, Order at 3-4. Applying the factors for consideration set forth in *Pioneer*, 507 U.S. at 395, the bankruptcy court further noted that if the Debtor's motion for an extension of the appeal period was granted, prejudice to the plaintiffs would result because a final judgment in their favor would instead become an open appeal. The bankruptcy court noted, however, that the potential impact of a delay in filing an appeal would be slight, and that no good faith issue existed. This appeal followed.

## IV. DISCUSSION

Federal Rule of Bankruptcy Procedure 8002(a) provides that a notice of appeal "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order,

or decree appealed from." The 10-day appeal period may be extended, however, under certain conditions as set forth in Bankruptcy Rule 8002(c)(2), which provides:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

FED. R. BANKR. P. 8002(c)(2). The Debtor relies on the "excusable neglect" language creating an exception to the appeal limitations period.

Although "'excusable neglect' is not defined by the Bankruptcy Rules, the concept has been appropriately characterized as the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Gilbert v. Suburban Athletic Club (In re Dayton Circuit Courts #2)*, 85 B.R. 51, 54 (Bankr. S.D. Ohio 1988) (citing *In re Kelly Lyn Franchise Co., Inc.*, 26 B.R. 441, 448 (Bankr. M.D. Tenn.), *aff'd.* 33 B.R. 112 (M.D. Tenn. 1983), and *In re Digby*, 29 B.R. 658 (Bankr. N.D. Ohio 1983)). A determination of excusable neglect involves a two-part analysis: first, the bankruptcy court must determine that the failure to timely file was the result of neglect. Second, the court must determine whether the neglect was excusable. "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness.'"* *Pioneer,* 507 U.S. at 388 (quoting WEBSTER'S NINTH NEW COLLEGIATE

7

DICTIONARY 791 (1983) (emphasis in original)).  Clearly, the Debtor's attorney's failure to timely file a notice of appeal or an extension of the time to appeal constitutes neglect.  The issue is therefore whether that neglect is excusable.

Regarding the "excusable" inquiry, as the Supreme Court declared in *Pioneer*:

> [T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

507 U.S. at 395. Although the *Pioneer* Court was considering the excusable neglect provision of Bankruptcy Rule 9006(b)(1), this Court, citing Sixth Circuit unpublished opinions, has determined that the *Pioneer* standard of excusable neglect applies to Bankruptcy Rule 8002(c) as well. *In re Hess*, 209 B.R. at 82 (citations omitted).

Most courts addressing the issue in the context of this Rule have focused on the reason for the delay. As the bankruptcy court correctly noted, courts have consistently held that "'[c]lerical or office problems' are simply not a sufficient excuse for failing to file a notice of appeal within the ten day period." *Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 268 (B.A.P. 6th Cir. 2000) (citing *Pioneer*, 507 U.S. at 398) (no excusable neglect where failure to meet deadline was due to illness of employee responsible for docketing appeals)). *See also In re Hess*, 209 B.R. at 83 (no excuse that a lawyer's practice interferes with compliance with limitations and deadlines); *In re Mizisin*, 165 B.R. 834, 835 (Bankr. N.D. Ohio 1994) ("[m]isunderstanding of the Bankruptcy Code and Rules and heavy workload of counsel do not constitute excusable neglect."); *In re GF Furniture Sys., Inc.*, 127 B.R. 382, 383-384 (Bankr. N.D. Ohio 1991) (solo practitioner's preoccupation with

9

other litigation was not excusable neglect so as to excuse attorney's failure to timely file notice of appeal or request for extension); *Edmondson v. Bradford-White, Corp. (In re Tinnell Traffic Serv., Inc.)*, 43 B.R. 280, 282-283 (Bankr. M.D. Tenn. 1984) (no excusable neglect where timely notice of appeal was not filed due to fact that appeal was assigned to an associate attorney who was not made aware of fact that bankruptcy court's decision must be appealed within 10 days).

We distinguish this line of cases involving "law office upheaval," however, from the case now before the Panel and conclude that the bankruptcy court relied too heavily on that line of cases. While the illness of an attorney's staff member or an unusually heavy case load may be accommodated by such things as the hiring of more staff or the decision not to accept new cases, the serious illness of a spouse and the demands of being the primary caregiver cannot as easily be delegated to another person. This Debtor's attorney does not allege that his untimely filing of the motion for an extension was due to a misunderstanding of the Rules, lack of office support staff, or any other problems inherent in the running of his law office. Instead he maintains that he was suddenly and unexpectedly preoccupied with the physical and psychological care of his extremely ill wife during the period in question. Other courts have determined that excusable neglect includes sudden death, disability or illness of counsel or the party. *See, e.g., In re Mizisin*, 165 B.R. at 835 (citing *Evans v. Jones*, 366 F.2d 772 (4th Cir. 1966)). Because of the severity of the illness at issue and the close familial relationship between a husband and wife, the facts of this case are analogous to a situation in which the attorney is the one who

is seriously ill. *See Active Glass Corp. v. Architectural and Ornamental Iron Workers Local Union 580*, 899 F. Supp. 1228 (S.D. N.Y. 1995) (applying FED. R. APP. P. 4(a)(5), court determined that attorney's unexpected cancer and resulting illness constitutes excusable neglect). The *Active Glass* Court, 899 F. Supp. at 1231, also cited *Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984) (illness involved diarrhea, vomiting, and a five-pound weight loss over 36 hours), and *J.P. Fyfe, Inc. v. Bradco Supply Corp.,* 96 B.R. 479, 483-484 (D. N.J. 1989) (counsel "had taken medication for her illness, and was too ill to speak . . . on the telephone").

The majority of the reported cases concern "law office upheaval" scenarios, and the bankruptcy court applied this line of cases to guide its decision. The bankruptcy court, however, expressly accepted as true the Debtor's attorney's statements concerning the cause of his neglect, and that court stated that no good faith issue was presented. There is certainly no finding that the circumstances were "within the reasonable control of the movant." *Pioneer*, 507 U.S. at 395. There is nothing in the bankruptcy court's opinion to indicate that the failure to timely appeal was a part of a pattern of delay by this movant or this attorney. Moreover, the bankruptcy court commented that the impact of any delay on judicial proceedings caused by extending the appeal time would be slight.

The limited finding that the attorney had not adequately explained why he did not attend to this appeal during his part-time work is outweighed by the absence of any other factor supporting the denial of the request for an extension. The bankruptcy court's finding

11

did not consider the impact of the recent trauma of the spouse's illness upon the attorney's ability to focus upon this appeal, nor did that court's finding take into account the reality that the order appealed from was entered on a Friday. Although we do not know when the attorney received that order, acknowledging the time required for receipt of the order by mail, he had less than ten days to focus upon the order and the need for appeal. In the context of the equitable decision on the attorney's motion for an extension, the extraordinary circumstances presented in this case and the absence of factors supporting denial of the motion required that this motion be granted.

We recognize that it appears harsh, in the words of the *Waterman* opinion, to address the bankruptcy court's decision as unreasonable. We are, however, left with a "definite and firm conviction that the [bankruptcy court] committed a clear error of judgment." *In re M. J. Waterman & Assocs., Inc.,* 2000 WL at *3. Because the bankruptcy court failed to distinguish the particular facts of this case from neglect due to "law office upheaval," we find that the bankruptcy court abused its discretion in denying the Debtor's motion for an extension of the time to appeal based on excusable neglect.

The bankruptcy court placed its emphasis on the fact that the Debtor's attorney was working part time during the appeal period. The equitable determination of excusable neglect turns upon a recognition that, notwithstanding his part-time practice, this attorney's preoccupation with his wife's illness and his need to care for her was the undisputed cause for his neglect in duty to his client. That neglect was excusable in this case.

## V. CONCLUSION

The Panel holds that under the facts and circumstances presented in this case the bankruptcy court abused its discretion in determining that the Debtor's failure to timely file the request for an extension of the time to appeal was not attributable to excusable neglect.  Accordingly, we **REVERSE** the bankruptcy court's order denying the Debtor's motion for an extension of the time to appeal.