*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to
the case and parties pursuant to 6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 18b0003n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

---

In re: RYAN BRADLEY EDWARDS; LESLIE JOANNA
EDWARDS,

                                        *Debtors*.

———————————————————————

COMMUNITY FINANCIAL SERVICES BANK,

                              *Plaintiff-Appellee*,

   *v*.

RYAN BRADLEY EDWARDS,

                              *Defendant-Appellant*.

No. 17-8028

---

Appeal from the United States Bankruptcy Court
for the Western District of Kentucky at Paducah.
No. 14-50717—Alan C. Stout, Judge.

Decided and Filed: June 5, 2018

Before: BUCHANAN, DALES, and HARRISON, Bankruptcy Appellate Panel Judges.

---

### COUNSEL

**ON BRIEF:** Michael G. Byers, THE BYERS LAW FIRM, PLLC, Paducah, Kentucky, for
Appellant. Martin W. Johnson, Kip C. Mathis, JOHNSON & MATHIS, Benton, Kentucky, for
Appellee.

---

### OPINION

---

BETH A. BUCHANAN, Bankruptcy Appellate Panel Judge. Appellant-Debtor Ryan
Edwards ("Edwards") appeals the bankruptcy court's order denying his motion requesting an
extension of time to file a notice of appeal. In the order, the bankruptcy court concluded that

Edwards's failure to file a notice of appeal from an adverse nondischargeability judgment within the fourteen-day deadline was not a result of excusable neglect.  For the reasons that follow, the Panel affirms.

## ISSUES ON APPEAL

The issues on appeal are three-fold:  1) whether the bankruptcy court committed an error of law by applying a four-factor rather than five-factor standard for excusable neglect pursuant to Federal Rule of Bankruptcy Procedure 8002(d) and the *Pioneer*[1] case; 2) whether the bankruptcy court committed an error of law by focusing on the prejudice to the non-moving party, rather than the debtor, under the first *Pioneer* factor; and 3) whether the bankruptcy court abused its discretion by denying Edwards's motion to extend the deadline for filing a notice of appeal based on its determination that Edwards failed to demonstrate excusable neglect.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("Panel") has jurisdiction to decide this appeal.  The United States District Court for the Western District of Kentucky has authorized appeals to the Panel and none of the parties has timely elected to have the appeal heard by the district court.  A bankruptcy court's final order may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1).  For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494 (1989) (citation omitted).  "An order denying a motion for an extension of time to file a notice of appeal is a final appealable order."  *Allied Domecq Retailing USA v. Schultz (In re Schultz)*, 254 B.R. 149, 151 (B.A.P. 6th Cir. 2000) (quoting *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997)).

"The meaning of 'excusable neglect,' is a question of law subject to de novo review."  *Schultz*, 254 B.R. at 151 (quoting *Hess*, 209 B.R. at 80).  "'De novo review requires the Panel to

---

[1] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395, 113 S. Ct. 1489 (1993).

review questions of law independent of the bankruptcy court's determination.'" *Id*. (citing *First Union Mortg. Corp. v. Eubanks* (*In re Eubanks*), 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998)).

The bankruptcy court's denial of Edwards's motion for an extension of time to file a notice of appeal is reviewed for abuse of discretion. *Id*.; *Hess*, 209 B.R. at 80. "The abuse of discretion standard is deferential and requires the reviewing court to lend credence to the [lower] court's determinations." *Proctor v. Northern Lakes Cmty. Mental Health*, 560 F. App'x 453, 456 (6th Cir. 2014) (citing *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012)). "'A court has abused its discretion if the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion that it reached based on all of the appropriate factors.'" *Schultz*, 254 B.R. at 151 (citing *Hess*, 209 B.R. at 80). "While acknowledging this standard, the Court of Appeals for the Sixth Circuit has recently expressed it in another way as well: 'The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.'" *Id*. (citing *Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.)*, 227 F.3d 604, 608 (6th Cir. 2000)).

## FACTS

On October 12, 2014, Edwards and his wife, Leslie JoAnna Edwards ("Leslie Edwards" and collectively "Ryan and Leslie Edwards") filed a Chapter 7 bankruptcy petition. They retained Steve Vidmer, Esq. ("Vidmer") to represent them in the bankruptcy case. On April 1, 2015, Plaintiff-Appellee Community Financial Services Bank ("CFSB") filed an adversary proceeding against Ryan and Leslie Edwards to determine the amount of a debt owed to CFSB and whether the debt is excepted from discharge in the bankruptcy case. Vidmer represented Ryan and Leslie Edwards in the adversary proceeding. On July 17, 2017, the bankruptcy court entered a Memorandum Opinion and Judgment ("Judgment") in favor of CFSB and against Edwards (but not Leslie Edwards) in the amount of $610,053.55 and determined the debt to be excepted from discharge.

On August 16, 2017, Edwards filed a *Motion for Extension of Time for Filing Notice of Appeal on Ground of Excusable Neglect* ("Motion") through his new counsel, Michael G. Byers, Esq. In the Motion, Edwards requested an extension of time to appeal the bankruptcy court's Judgment on grounds of excusable neglect. Edwards asserted that he did not learn about the adverse Judgment from his counsel until after the ten-day deadline[2] for appeal had passed nor did he learn, until that time, that Vidmer declined to represent him in an appeal. Furthermore, Edwards asserted that he has many demands on his time as he lives in Missouri and travels for work extensively. Even with these demands on his time, he made multiple attempts to retain representation but was unable to do so until August 11, 2017.

On August 23, 2017, Edwards filed an *Amended Motion for Extension of Time for Filing Notice of Appeal on Ground of Excusable Neglect* to correct factual errors in the prior Motion. In the Amended Motion, Edwards admitted that Vidmer provided Edwards with notice of the Judgment on July 18, 2017, the day after the Judgment was entered. However, Edwards asserts that he was still unable to find new counsel in time to file the notice of appeal for the reasons stated in the Motion.

CFSB filed its response in opposition to the extension and a hearing was held on August 24, 2017. At the hearing, Edwards testified that he received notice of the Judgment from Vidmer via an email on July 17, 2017 and then followed up with a call to Vidmer on July 18th. During the phone call, Edwards informed Vidmer that he wanted to appeal. Vidmer told Edwards that he did not do appellate work. According to the testimony, Vidmer did not provide referrals during the conversation. However, Vidmer did tell Edwards that there was a deadline for filing a notice of appeal although he did not specify what the deadline was.

Edwards testified to researching online appellate cases to find attorneys who did appellate work. He began contacting attorneys on or about July 19, 2017 and believes he went through about twelve before he found someone to take his case. On July 25, 2017, he heard back from an attorney in Louisville who referred him to a colleague, Todd Farmer ("Farmer") in Paducah. Farmer reviewed his case and emailed Edwards in early August referring him to his current

---

[2]The actual deadline is fourteen days from the entry of the Judgment. Fed. R. Bankr. P. 8002(a).

counsel, Michael Byers, Esq. ("Byers").  Farmer also informed Edwards of the fourteen-day deadline for filing an appeal.  Edwards and Byers began exchanging emails on August 5, 2017.  Edwards met with Byers on August 7 and retained Byers on August 11, 2017.

Edwards also testified to his work as a pilot transporting employees for Edwards Transportation Company and Fitzgerald Marine.  He was out of town working and flying three to four days a week and sometimes laying over on the weekends.

No other witness testimony was elicited and the bankruptcy judge orally denied Edwards's Motion citing insufficient grounds to establish excusable neglect and noting that a written order setting forth the law and grounds for denying the extension would follow.

The bankruptcy court issued its Order denying Edwards's Motion on August 28, 2017 (Order, August 28, 2017, Adv. No. 15-5010 ECF 86).  In the Order, the bankruptcy court noted that the fourteen-day deadline to appeal pursuant to Federal Rule of Bankruptcy Procedure 8002(a) expired on July 31, 2017.  Edwards filed his Motion seeking to extend the deadline for filing the notice of appeal on August 16, 2017, sixteen days after the deadline.  Consequently, Edwards carried the burden of proving excusable neglect pursuant to Federal Rule of Bankruptcy Procedure 8002(d).

The bankruptcy court followed the standard for excusable neglect enunciated by the Supreme Court in the *Pioneer* case explaining that the determination of whether neglect can be excused is:

> . . . an equitable determination that incorporates all relevant factors, including (1) danger of prejudice to the non-movant; (2) length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

(Order at 3) (citing *Pioneer*, 507 U.S. at 395).  The bankruptcy court further noted that:

> [a] court must consider and balance all of four *Pioneer* factors and no one factor is determinative. [citation omitted] That said, courts often focus on the third factor, with courts rarely favoring a party who fails to follow the clear dictates of the rules. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000) ("The four *Pioneer* factors do not carry equal weight; the excuse given for the late

filing must have the greatest import."); *In re Bayer*, 527 B.R. 202, 210 (Bankr. E.D. Pa. 2015).

(Order at 3-4).

The bankruptcy court concluded that three of the four *Pioneer* factors weighed in favor of granting Edwards's request. First, the bankruptcy court found no material prejudice to CFSB if the late appeal were permitted to proceed with the most significant consequence being the loss of "'the windfall benefit of an opponent's missed deadline.'" (Order at 4) (citation omitted). In addition, the delay was not substantial as Edwards's motion was filed within sixteen days of the passage of the appeal deadline. The bankruptcy court further found that Edwards's appeal was in good faith in that he sincerely desired to seek review of the adverse Judgment.

The bankruptcy court based its denial of Edwards's Motion squarely on the third factor: the reason for the delay and whether it was within Edwards's reasonable control. The bankruptcy court concluded that "difficulty finding an attorney to prosecute an appeal cannot form the basis for an extension [or] every losing side could seek an untimely extension and simply claim difficulty finding an attorney as excusable neglect." (Order at 5). The bankruptcy court further determined that "nothing prevented Edwards from seeking a timely extension pro se." *Id*.

The bankruptcy court found insufficient Edwards's claims of being busy and working out of town. The bankruptcy court noted that an extension could have been requested at any time before the running of the deadline by either Edwards himself or with the assistance of his wife. While Edwards testified that he traveled for work, the bankruptcy court noted that he also testified to being home for several days each week after the Judgment was entered. The bankruptcy court cited several cases to support that an attorney's busy work schedule does not constitute excusable neglect and saw ". . . no reason why this tenet should not apply to a busy Defendant as it does to a busy attorney." (Order at 6). The bankruptcy court concluded that Edwards's explanations may constitute neglect, but they do not constitute excusable neglect and denied the Motion noting that Edwards ". . . presented no excuse that should have prevented him from acting within the time allowed in the Rules." *Id.*

Edwards proceeded to file a timely notice of appeal from the Order.

## DISCUSSION

Federal Rule of Bankruptcy Procedure ("Rule") 8002(a) provides, with exceptions not relevant to this case, that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Rule 8002(d)(1) further provides the manner by which an extension may be requested:

(d) *Extending the Time to Appeal.*

(1) *When the Time May Be Extended.* Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:

(A) within the time prescribed by this rule; or

(B) within 21 days after that time, if the party shows excusable neglect.

Fed. R. Bankr. P. 8002(d)(1). In this case, the Judgment was entered by the bankruptcy court on July 17, 2017 and the fourteen-day deadline for appeal expired on July 31, 2017. Edwards did not file his Motion requesting an extension of time to file the notice of appeal until August 16, 2017, thirty days after the Judgment was entered and sixteen days after the original deadline expired. Consequently, granting an extension was dependent upon Edwards showing excusable neglect.

In *Pioneer*, the Supreme Court defined "excusable neglect" in the context of missing a court-ordered filing deadline pursuant to Rule 9006(b). 507 U.S. at 382-83. In *Pioneer*, the Supreme Court noted that inclusion of the word "neglect" in the Rule creating the standard for granting a reprieve to out-of-time filings "plainly contemplate[s] that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id*. at 388; *United States v. Munoz*, 605 F.3d 359, 368 (6th Cir. 2010) (applying *Pioneer* in the context of a criminal case involving ineffective assistance of counsel and an untimely motion for a new trial). The Supreme Court concluded that excusable neglect is a "somewhat 'elastic concept' and is not

limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392.

However, neglect, alone, is insufficient to warrant a reprieve from the deadline to appeal; the neglect of the deadline also must be "excusable." *Id*. at 395. "It is this requirement that we believe will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under [the Rule]." *Id*. "Because Congress [] provided no other guideposts for determining what sorts of neglect [are] considered excusable, [the Supreme Court] conclude[d] that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission" including the following factors:

> the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id*. (approving the factors considered by the court of appeals). Although this standard for excusable neglect was originally applied in the context of Rule 9006(b), the Sixth Circuit Court of Appeals, as well as the Panel, apply the same standard to extending the deadline for appeal under Rule 8002(d). *Duncan v. Washington*, No. 93-1171, 25 F.3d 1047 (Table), 1994 U.S. App. LEXIS 12708, at \*4-6, 1994 WL 232397, at \*3 (6th Cir. May 27, 1994)[3]; *Allied Domecq Retailing USA v. Schultz (In re Schultz)*, 254 B.R. 149, 153 (B.A.P. 6th Cir. 2000).

On appeal from the Order denying his Motion, Edwards asserts that the bankruptcy court committed two errors of law in its application of the standard for excusable neglect. First, Edwards asserts that the bankruptcy court erroneously combined two *Pioneer* factors making it a four factor standard instead of five. Second, Edwards asserts that the bankruptcy court failed to properly apply the first *Pioneer* factor by focusing on the danger of prejudice to the non-moving party, CFSB, instead of the danger of prejudice to Edwards himself. Finally, Edwards argues that the bankruptcy court abused its discretion by weighing the third factor, Edwards's reason for the delay, too heavily and by failing to find excusable neglect based on Edwards position as a

---

[3]"Although unpublished decisions of the Sixth Circuit are not binding precedent, they can be cited if persuasive, especially where there are no published decisions which will serve as well." *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 82 n.3 (B.A.P. 6th Cir. 1997).

busy pro se litigant who unexpectedly lost his counsel and had difficulty finding new counsel within the time to file the notice of appeal.

As explained below, the bankruptcy court properly applied *Pioneer* as a four factor standard that includes consideration of the danger of prejudice to the non-movant but not to the moving party. Furthermore, the bankruptcy court did not commit a clear error in judgment by focusing most heavily on Edwards's reason for the delay nor in ultimately determining that Edwards's status as a pro se litigant and his busy schedule fail to establish excusable neglect.

### A. Whether *Pioneer* Sets Forth a Four or Five Factor Standard

To support his argument that the bankruptcy court inappropriately combined *Pioneer* factors, Edwards cites *Eagle-Picher* in which the Sixth Circuit listed "the reason for the delay" as a separate factor from "whether the delay was within the reasonable control of the movant" making a five factor standard under *Pioneer*. *Norpak Corp. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher, Indus., Inc.)*, 131 F.3d 1185, 1188 (6th Cir. 1997). Because the bankruptcy court combined these two factors together in its analysis, Edwards argues that *Pioneer* was not properly followed.

Subsequent to *Eagle-Picher*, the Sixth Circuit revisited whether *Pioneer* provides a four or five factor standard. *In Munoz*, the Sixth Circuit noted that in a prior case, it had parsed the language of *Pioneer* separating out five factors, even though other circuits have found only four, by construing the "reason for the delay" and "whether the delay was within the reasonable control of the moving party" as a single factor. *Munoz*, 605 F.3d at 368 n.5 (citing *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)). Upon review in *Munoz*, the Sixth Circuit determined that "the four-factor division is more faithful to the *Pioneer* Court's language." *Id.* (noting that the relevant language of *Pioneer* is "the reason for the delay, *including* whether it was within the reasonable control of the movant"). Therefore, the Sixth Circuit treated the reason for delay and whether the delay was within the reasonable control of the movant together in its analysis. *Id.* Consequently, the bankruptcy court committed no error of law when it similarly combined these two considerations.

**B.  Whether the First *Pioneer* Factor Encompasses the Danger of Prejudice to the Moving Party**

Edwards argues that the bankruptcy court improperly limited the first *Pioneer* factor to consideration of whether an extension of the appeal deadline posed a danger of prejudice to the non-movant, CFSB.  Edwards reads *Pioneer*'s first factor as intended to encompass consideration of the prejudice to the moving party or debtor rather than the non-moving party. He argues that the bankruptcy court was silent regarding the extreme prejudice Edwards would face were he not permitted to appeal a nondischargeable judgment in excess of $600,000.

In *Pioneer*, the Supreme Court lists the first factor as "prejudice to the debtor" but, in that case, the debtor was the non-moving party.  *Pioneer*, 507 U.S. at 383, 395 (examining whether creditors arguing excusable neglect should be permitted to extend the bar date for filing late proofs of claim).  In post-*Pioneer* opinions reviewing excusable neglect outside the context of filing late proofs of claim, the Sixth Circuit and Bankruptcy Appellate Panel have more generically described the first factor as the danger of prejudice to the opposing or non-moving party. *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012); *Munoz*, 605 F.3d at 368; *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 82 n.2 (B.A.P. 6th Cir. 1997). Following this Sixth Circuit precedent and interpretation of *Pioneer*, the bankruptcy court did not err when it limited its consideration of prejudice to that posed to the non-movant, CFSB.

**C.  Whether the Bankruptcy Court Abused its Discretion in Finding No Excusable Neglect**

Edwards next argues that the bankruptcy court abused its discretion in its ultimate conclusion that Edwards did not demonstrate excusable neglect.  Edwards focuses on what he considers the undue weight given by the bankruptcy court to the third *Pioneer* factor, the reason for the delay, when all of the other factors weighed in favor of extending of the deadline. Edwards further argues that the bankruptcy court abused its discretion when it failed to find that his circumstances as an involuntarily pro se litigant with a busy schedule were sufficient to establish excusable neglect.

While *Pioneer* sets forth a list of factors to be considered to determine excusable neglect, those factors are not mechanically applied nor do they carry equal weight.  *See Munoz*, 605 F.3d

at 372; *Hess*, 209 B.R. at 82 n.2. Instead, "the excuse given for the [untimely] filing must have the greatest import" and "'will always be critical to the inquiry.'" *Munoz*, 605 F.3d at 372 (citation omitted). *See also Proctor v. Northern Lakes Cmty.*, 560 F. App'x 453, 459 (6th Cir. 2014) (concluding that the district court did not abuse its discretion by failing to weight the other *Pioneer* factors because "the reason for the delay is the factor that is most critical to the excusable neglect inquiry"). Furthermore, courts addressing excusable neglect in the context of extending the deadline to file a notice of appeal generally focus on the reason for the delay. *JBlanco Enter. v. Soprema Roofing and Waterproofing, Inc.*, No. 17-3535, 2017 U.S. App. LEXIS 23541, at *4-6, 2017 WL 5634299, at *2 (6th Cir. Nov. 20, 2017) (concluding that the district court did not abuse its discretion when the other *Pioneer* factors favored granting an extension to file a notice of appeal but the district court denied the request based on the factor afforded the greatest weight, an insufficient reason for the delay); *Schultz*, 254 B.R. at 153; *Hess*, 209 B.R. at 82.

In this case, the bankruptcy court considered all of the *Pioneer* factors in determining whether to extend Edwards's deadline for filing a notice of appeal. First, the bankruptcy court found no material prejudice to CFSB if the late appeal were permitted to proceed, that Edwards's delay was not substantial as it was filed within sixteen days of the passage of the appeal deadline and that his appeal was in good faith. While these three factors weighed in Edwards's favor and towards extending the deadline, the bankruptcy court ultimately concluded that the reason for the delay "outweighs the other considerations" and that Edwards's request for an extension "fails" on that factor (Order at 5). The bankruptcy court's focus on the reason for the delay as the primary factor in determining whether to grant an extension of time to file a notice of appeal is in harmony with *Munoz* and other Sixth Circuit precedent.

Furthermore, the bankruptcy court did not abuse its discretion in concluding that Edwards's reason for failing to timely file the notice of appeal was insufficient to establish excusable neglect. Following *Pioneer*, the Sixth Circuit continues to hold excusable neglect to "a strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006); *Proctor*, 560 F. App'x at 458. Ignorance of or "mistakes in construing the rules" for determining the time for an appeal "do not usually constitute excusable

neglect." *Nicholson*, 467 F.3d at 527 (citing *Pioneer,* 507 U.S. at 392); *HML II, Inc. v. Ginley (In re HML II, Inc.)*, 234 B.R. 67, 72-73 (B.A.P. 6th Cir. 1999), *aff'd* 215 F.3d 1326 (Table), 2000 U.S. App. LEXIS 11458, 2000 WL 659140 (6th Cir. May 11, 2000). Nor does an attorney's busy work schedule or other pressures involved with the operation of a legal practice constitute excusable neglect although a serious and sudden illness of an attorney, party, or close relative would likely meet the standard. *Compare Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 268 (B.A.P. 6th Cir. 2000) (noting that clerical mistakes or other law office problems simply do not provide a sufficient excuse for failure to file a timely notice of appeal), *and Hess*, 209 B.R. at 83 (noting that the "court of appeals has concluded that it is no excuse that a lawyer's practice interferes with compliance with limitations and deadlines"), *with Schultz*, 254 B.R. at 153-54 (holding that while clerical mistakes or a heavy workload do not constitute excusable neglect, the serious and sudden illness, death, or disability of an attorney, attorney's spouse, or a party coupled with a missed deadline may constitute excusable neglect).

In addition, "mistakes by those who proceed without counsel are not necessarily excusable." *Nicholson*, 467 F.3d at 527. Although courts apply less stringent pleading standards to pro se litigants, the Sixth Circuit has held that such lenient treatment has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim*, 92 F.3d at 416; *Jourdan*, 951 F.2d at 110 (noting that leniency is appropriate for pro se pleadings because the drafting of a formal pleading presupposes a certain degree of legal training but the same reasoning does not hold true for readily comprehended court deadlines). Furthermore, a pro se litigant's failure to file a timely notice of appeal because of being out of town is insufficient to establish excusable neglect. *Crehan v. Ying Ly (In re Ying Ly)*, 378 B.R. 416 (Table), 2007 Bankr. LEXIS 3302, at *12, 2007 WL 2891321, at *4 (B.A.P. 6th Cir. Oct. 5, 2007).

At the hearing, Edwards argued that the missed deadline for filing a notice of appeal was a result of his pro se status and difficulty finding an attorney as well as his busy work schedule. However, case law supports that neither his pro se status nor his busy schedule are sufficient to

establish excusable neglect. This is particularly true where, as in this case, no party disputes that the deadline for filing a notice of appeal is easily understood. Furthermore, Edwards received notice of the adverse Judgment and the existence of a deadline for appeal, within one day of the Judgment being rendered, well within the time to file a notice of appeal or request an extension.

Nonetheless, Edwards asserts that his situation is unusual compared to other pro se litigants because he was rendered so involuntarily when his prior counsel declined to take the appeal and no other counsel he contacted was readily available. He argues that the bankruptcy court did not take into account that his pro se status was outside his reasonable control which is a factor to be considered under *Pioneer*. However, this argument presents a misconstruction of the *Pioneer* factors. The factors listed in *Pioneer* do not specifically include consideration of whether a litigant has difficulty finding representation, but, instead, the broader review of the reason for the litigant's delay in meeting a deadline and whether the reason is within the litigant's reasonable control. *Pioneer*, 507 U.S. at 395. In this case, while considering Edwards's difficulties in finding counsel, the bankruptcy court concluded that this circumstance did not prevent Edwards from proceeding on his own to act within the deadline. While he traveled for work, Edwards's schedule left him home several days each week after the Judgment was entered, which is time he could have used to file a timely notice of appeal or seek an extension. Presented with these facts, the bankruptcy court reasonably concluded that Edwards ". . . presented no excuse that should have prevented him from acting within the time allowed in the Rules." (Order at 6).

## CONCLUSION

The bankruptcy court properly applied the *Pioneer* factors and did not abuse its discretion in concluding that Edwards failed to demonstrate excusable neglect for his failure to file a timely notice of appeal. Accordingly, the Panel AFFIRMS the bankruptcy court's order denying Edwards's motion to extend the time for filing a notice of appeal.