
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. EC-19-1147-LBG |
| RAJPAL SINGH CHATHA; TARANJIT KAUR CHATHA, | Bk. No. 17-25335 |
| Debtors. | Adv. No. 17-02205 |
| RAJPAL SINGH CHATHA; TARANJIT KAUR CHATHA, | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| WESTATES HOLDINGS, LLC, | |
| Appellee. | |

Argued and Submitted on May 21, 2020

Filed – June 1, 2020

Appeal from the United States Bankruptcy Court
for the Eastern District of California

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Christopher D. Jaime, Bankruptcy Judge, Presiding

————

Appearances:     William Steven Shumway argued for Appellants; Walter R. Dahl argued for Appellee.

————

Before: LAFFERTY, BRAND, and GAN, Bankruptcy Judges.


**INTRODUCTION**

Chapter 7[1] debtors Rajpal and Taranjit Chatha appeal the bankruptcy court's order denying their motion to extend the time to appeal the judgment entered in favor of Appellee Westates Holdings, LLC ("Westates") denying their discharge under § 727(a). Because the motion to extend was filed outside of the appeal period, Debtors were required to show excusable neglect pursuant to Rule 8002(d)(1)(B). Debtors' attorney, W. Steven Shumway, explained that he had missed the fourteen-day deadline for filing an appeal under Rule 8002 because he was distracted after learning that his elderly mother had suffered a fall. After considering all the facts and circumstances surrounding the reason for the delay, the bankruptcy court concluded that Debtors had not established excusable neglect and denied the motion.

————

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Civil Rule" references are to the Federal Rules of Civil Procedure, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

We AFFIRM.

## FACTUAL BACKGROUND

The bankruptcy court entered judgment for Westates denying Debtors' discharge on March 26, 2019. Under Rule 8002(a)(1), Debtors had fourteen days, or until April 9, 2019, to file a notice of appeal. The notice of appeal was not filed until April 12, 2019. That appeal was referred to this Panel (No. EC-19-1091), which issued a Notice of Deficient Appeal and Impending Dismissal informing Debtors that their appeal was untimely and ordering them to file an explanation why the appeal should not be dismissed.

On April 29, 2019, Debtors filed in the bankruptcy court a motion under Rule 8002(d)(1)(B), which permits the bankruptcy court to extend the time to appeal if the motion is filed within twenty-one days of the expiration of the fourteen-day appeal period and the party shows excusable neglect. The motion was accompanied by the declaration of Mr. Shumway, who testified to the following:

- He received the notice of entry of judgment on March 28, 2019, which he emailed to Debtors with a request that they contact him to discuss it.

- In anticipation of Debtors authorizing him to file an appeal, he drafted a notice of appeal on April 4, 2019.

- On April 9, as he was leaving the bankruptcy court to return to

3

his office, he was notified that his mother had fallen "again" and was receiving medical attention. His mother is 85 years old, lives alone, and has a condition that interferes with her ability to walk.

- Upon receiving the notification, he went home and forgot about work because he was communicating with his siblings and medical professionals about his mother's condition.

- On the evening of April 11, he remembered that he had not filed the notice of appeal and filed it the next day.

Westates filed an opposition, arguing that Debtors' motion had not established excusable neglect. It pointed out that Mr. Shumway was an experienced bankruptcy practitioner and e-filer. It also pointed out, based on statements from Mr. Shumway's declaration, that Mr. Shumway had drafted a notice of appeal before the appeal deadline, his mother's fall was not her first, he has siblings involved in his mother's care, and he did not go to the hospital but rather returned home. Westates also pointed out that because Mr. Shumway had a draft notice of appeal prepared, he could easily have e-filed it before the deadline.

Debtors filed a reply, arguing that there would be no prejudice to Westates in granting the motion to extend and offering further explanation for Mr. Shumway's failure timely to file the notice of appeal by way of a second declaration in which Mr. Shumway testified to the following

4

additional facts:

- His mother lives in Utah.

- In August 2009 he had been scheduled to visit his father but canceled the trip due to events at his office; his father died a week later. At that time he resolved not to allow events to get in the way "if the need arose with my mother."

- He recalled receiving his clients' authorization to file the appeal the day before it was due.

- When notified on April 9 that his mother had fallen, he remembered his father, and spent the remainder of the day solely discussing the matter with his siblings and doctors and making travel arrangements instead of focusing on his law practice.[2]

The bankruptcy court held a hearing on May 28, 2019. At that hearing, Mr. Shumway orally presented additional facts, including that his

---

[2]On May 3, the bankruptcy court issued an "Indicative Ruling on Motion to Extend Time to File Notice of Appeal." The court noted that Mr. Shumway's initial declaration stated that he learned of his mother's fall as he was leaving the bankruptcy court to return to his office, but that there was no record of any personal appearance by Mr. Shumway before any bankruptcy judge or at a § 341 meeting that day. In response, Mr. Shumway filed a third declaration explaining his whereabouts on April 9, including that he had appeared on behalf of a creditor at a § 341 meeting at the courthouse that afternoon. At the hearing on the motion, the bankruptcy court noted that it had confirmed with the United States trustee's office that Mr. Shumway had indeed attended a § 341 meeting at the bankruptcy court on April 9.

mother had previously fallen in January or February 2019 and had completed rehab in early March, and he has several relatives in Utah: four brothers, three of whom live within ten or fifteen minutes of their mother's house, a (disabled) sister, and numerous nieces and nephews. He also explained that, although he had prepared the notice of appeal on April 4, he did not file it immediately because he was waiting for Debtors to authorize him to do so. In response to the court's question as to why he waited until April 12 to file the notice of appeal when he had remembered it on the 11th, Mr. Shumway stated

> I have no reason for waiting that one extra day other than I was
> – it was in the flow of work, and I did it just as I – and I don't
> remember if I was doing other e-filings that day at that time,
> but it was kind of in the flow, and that's when I put it in there.

Hr'g Tr. (May 28, 2019) at 7:3-5.[3]

Thereafter, the bankruptcy court issued a memorandum decision and order denying the motion. It analyzed the facts presented under the standards set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), and concluded that Debtors had not established excusable neglect.

Debtors timely appealed.

---

[3]The record does not reflect that Mr. Shumway made his statements under oath, but no party objected to his "testimony."

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(J). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in denying Debtors' motion to extend.

## STANDARD OF REVIEW

The bankruptcy court's denial of a motion to extend the time to file a notice of appeal is reviewed for abuse of discretion. *Pincay v. Andrews*, 389 F.3d 853, 858–59 (9th Cir. 2004) (en banc). Under the abuse of discretion standard, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If the bankruptcy court identified the correct legal rule, we then determine under the clearly erroneous standard whether its factual findings and its application of the facts to the relevant law were: "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (internal quotation marks omitted).

We emphasize that, under this standard, we may not "substitute our judgment for that of the [bankruptcy] court." *Id.* at 1251; *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (per curiam) (holding that, under abuse of discretion standard, question is not

what the appellate court would have decided in the first instance but rather whether the trial court abused its discretion in what it decided).

## DISCUSSION

Upon entry of a judgment, order, or decree by a bankruptcy court, a party has fourteen days to file a notice of appeal. Rule 8002(a). If unable to meet that deadline, a party may move for an extension of time to file the notice of appeal. Rule 8002(d). While the deadline for filing a request to extend the appeal time is also fourteen days from the entry of the order to be appealed, the rules contain an additional twenty-one day window (a total of thirty-five days) during which the bankruptcy court may grant a late-filed motion to extend time, but only if the moving party demonstrates that its neglect in not filing a timely motion was "excusable." Rule 8002(d)(1)(B). The party requesting an extension of time bears the burden of proving the existence of excusable neglect. *Key Bar Invs., Inc. v. Cahn (In re Cahn)*, 188 B.R. 627, 631 (9th Cir. BAP 1995).

In determining whether the moving party has shown excusable neglect, the court considers: (1) the danger of prejudice to the other party; (2) the length of the delay caused by the neglect, and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. In conducting this analysis, the court is to consider all relevant circumstances surrounding the neglect; no "single

circumstance in isolation compels a particular result regardless of the other factors." *Pincay*, 389 F.3d at 856-57 (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n.2 (9th Cir. 1997)). *See also Pioneer*, 507 U.S. at 395 (the determination whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." (Footnote omitted)).

**A. Factors one and two, prejudice and length of delay and impact on judicial proceedings, are not at issue in this appeal.**

The bankruptcy court found that the first factor – prejudice to the other party – weighed in favor of granting relief, noting that Westates had not addressed the issue of prejudice, and while Westates would no doubt rather avoid the cost and delay of an appeal, that was not sufficiently prejudicial in this context. As for the second factor, the length of delay and impact on judicial proceedings, the court found that this factor was either neutral or tipped slightly in favor of granting relief, given the minimal delay (three days) and the lack of any pending post-trial matters. No party has assigned error to the court's conclusions as to these two factors.

**B. The bankruptcy court did not commit reversible error in finding that the third factor, reason for the delay, weighed heavily against granting relief.**

The bankruptcy court held that this factor is the most significant, citing *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003). But as Debtors correctly point out, that is not the rule in this circuit. *See Pincay*, 389

F.3d at 860 (holding that the excusable neglect analysis does not mandate any per se rules, and the weighing of the factors should be left to the discretion of the trial court). *See also Ehrenberg v. WSCR, Inc. (In re Hoover WSCR Assocs., Ltd.)*, Nos. CC–04–1390–MaMoP, CC–04–1391–MaMoP, 2005 WL 6960225, at *7 (9th Cir. BAP May 31, 2005) (noting that, under *Pincay*, the trial court need not give greater weight to the third factor in balancing the equities). At the same time, given that the bankruptcy court has discretion to determine how much weight to give each factor, the court's misstatement of the law was harmless error. *See* 28 U.S.C. § 2111; Civil Rule 61, applicable via Rule 9005 (court must disregard errors and defects that do not affect any party's substantial rights).

In finding that this factor weighed against granting the motion, the bankruptcy court noted that Mr. Shumway had failed to explain: (1) why he did not file the notice of appeal immediately upon receiving authorization from his clients on April 8; (2) why he took two days to realize that the notice of appeal had not been timely filed; and (3) why he waited over 24 hours to file the notice of appeal after realizing that it had not been filed.

The bankruptcy court also distinguished cases where courts had found excusable neglect, which presented "dire circumstances" not present in this case. *See Allied Domecq Retailing USA v. Schultz (In re Schultz)*, 254 B.R. 149 (6th Cir. BAP 2000); *and Erdman v. Calvert (In re Nw. Territorial*

10

*Mint, LLC)*, No. WW-18-1127-BKuTa, 2018 WL 6187762 (9th Cir. BAP Nov. 27, 2018). In *Schultz*, the Sixth Circuit BAP held that the bankruptcy court abused its discretion in not finding excusable neglect where an attorney's failure timely to file a notice of appeal was due to his wife's three-day hospitalization for a serious side effect of her chemotherapy treatment for ovarian cancer. After her release and during the entire appeal period, the attorney was her sole caregiver, accompanying her to medical appointments, administering her medication, and devoting only part-time hours to his solo law practice. 254 B.R. at 152. Similarly, in *Northwest Territorial Mint*, the BAP found that the bankruptcy court had abused its discretion in not finding excusable neglect when an attorney's failure timely to file a notice of appeal was due to his being distracted by the fact that, three days after the judgment was entered, he found his wife of thirty-five years collapsed on the floor without a pulse and unsuccessfully applied CPR; she died a few days later. 2018 WL 6187762 at *1-*2.[4]

Here, the bankruptcy court found no similarity between the circumstances of the medical emergencies at issue in *Schultz* or *Northwest Territorial Mint* because Mr. Shumway is not his mother's sole caregiver

---

[4]The BAP did not reverse the bankruptcy court based on its finding with respect to the "reason for delay" factor, noting that it would not substitute its judgment for the bankruptcy court's as to that factor, but it ultimately reversed the bankruptcy court because it found that the court's finding that the attorney lacked good faith was either illogical or unsupported by the record. *Id.* at *6-7.

and in fact, Mr. Shumway's relatives provide for his mother's care. Moreover, there was no evidence that serious medical issues occurred after the fall that resulted in a prolonged hospitalization or loss of life.[5] The court also noted that in *Northwest Territorial Mint*, the newly-hired attorney did not realize he needed to file a notice of appeal within fourteen days because he did not know the judgment was from a bankruptcy court, while here, Mr. Shumway knew of the appeal deadline, had prepared a notice of appeal, and was authorized to file it the day before the deadline, and there was no reason he could not have e-filed it, regardless of whether he was in his office.

In addition, the court noted that Mr. Shumway knew his mother had fallen previously and might fall again but had not put any procedures in place to address the disruption to his practice resulting from such a "known and anticipated" event. As such, the court found that this case was more akin to the circumstance where a deadline is missed due to inattentiveness or general office disruption, neither of which constitute excusable neglect. Under all the circumstances, the bankruptcy court found that this factor weighed heavily against granting relief.

On appeal, Debtors argue that their attorney's reason for delay was "reasonable," essentially rehashing the same arguments they made in the

---

[5]The court stated that it made these conclusions not to minimize Mr. Shumway's mother's condition, but only to draw a distinction.

bankruptcy court and speculating as to additional reasons why the attorney failed to file the notice of appeal on time. For example, with respect to the question why Mr. Shumway took two days to realize the appeal had not been filed, they state "he might have thought he had filed it." They also posit that while Mr. Shumway had relatives living near his mother, those family members were "less than responsive in prior situations involving his mother." But there is no evidence in the record to support these assertions, which were not made to the bankruptcy court.[6]

Debtors also assert that the facts of this case are distinguishable from those in a case cited by the bankruptcy court, *Easley v. Kirmsee*, 382 F.3d 693 (7th Cir. 2004). However, the bankruptcy court did not cite *Easley* as an analogous case, but for its holding that attorney inattentiveness to litigation is not excusable. 382 F.3d at 698.

---

[6]The "evidence" Debtors cite in support of the assertion that Mr. Shumway's relatives had previously been unresponsive is the portion of the hearing transcript in which Mr. Shumway responded to the bankruptcy court's question of how his mother was currently doing:

> She's doing much better. I got my – my brothers and – I have not only four brothers back there, but I have probably 15 or 20 nieces and nephews. And so we now have a schedule where someone is visiting her at least every day making sure everything's going – we've got Hospice care coming four days a week for a two-hour period. So other than evenings after like 6:00 o'clock, there's somebody there, and everyone's within – and this is, they had a problem. Every one of my brothers is within, except one, is within ten minutes, fifteen minutes of her house.

Hr'g Tr. (May 28, 2019) at 7:13-23.

## C. Good Faith

The bankruptcy court also found that the good faith factor weighed against granting relief. The basis for this finding was that Mr. Shumway was authorized to file the notice of appeal the day before it was due and yet it took him two full days after the deadline for him to realize he had not filed it, and there was no evidence he had been preoccupied with issues relating to his mother's condition during that entire time. The court also noted that even after Mr. Shumway realized he needed to file the notice of appeal, he took almost twenty-four hours to do so. The court found that these circumstances pointed to a lack of diligence.

On appeal, Debtors argue that Mr. Shumway's failure to file the notice of appeal as soon as he had authorization from them was because the authorization was not communicated until the end of the day on April 8, he believed he would have time to file it after his hearings the next day, and he could not have anticipated that his mother would fall that day. They also contend that Mr. Shumway is a solo practitioner with no support staff, and, for over 30 years, he has maintained his office without failing to file documents due to inadvertence or lack of diligence. They also state that, as soon as he realized he had not filed the notice of appeal, he filed it the following day, adding "[w]hether it was filed at 7:00 in the morning or 5:00 in the evening, it was filed."

Debtors' arguments are not supported by the record. Neither

Mr. Shumway's declarations nor his unsworn statements at the May 28 hearing support the assertions that he planned to file the notice of appeal after his hearings on April 9 or that he had practiced for over 30 years without inadvertently missing any deadlines. As for the argument that it did not matter what time he filed it, the simple fact that he did not immediately file the notice of appeal when he realized it was late supports the bankruptcy court's finding that he was not diligent.

We note, however, that although Debtors did not raise the issue, the bankruptcy court appears to have misinterpreted this factor in finding Mr. Shumway's lack of diligence indicative of bad faith. Lack of diligence is more appropriately analyzed under the "reason for delay" factor, and there is no evidence in the record that Mr. Shumway acted with deviousness or willfulness. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (no bad faith where errors resulted from negligence and carelessness, not from deviousness or willfulness). But even if the bankruptcy court erred in its interpretation of this factor, it was within its discretion in finding that, under the totality of the circumstances, Debtors failed to establish excusable neglect.

## CONCLUSION

Debtors do not contend that the bankruptcy court applied the wrong legal standard or that its factual findings were clearly erroneous. And they have not shown that the bankruptcy court's application of the facts to the

15

legal standard was illogical, implausible, or without support in the record. While we are sympathetic to counsel's situation, the bankruptcy court acted within its discretion in denying the motion to extend; Debtors have not shown otherwise. Accordingly, we AFFIRM.